*Margin note:* ALBANY, Jan. 1830.

Houghton v. Starr.

---

HOUGHTON *vs.* STARR, administratrix, &c.

Where there was a *defective verdict* in a case; where the damages found by the jury *exceeded the damages* claimed in the declaration: where the judgment was entered for *only the damages* and costs in an action of *debt;* and where the judgment was *general* instead of *special,* exempting the body of the defendant from imprisonment after a confession of a plea of an insolvent discharge, *the court for the correction of errors* dismissed a writ of error with costs, on the ground that the party might have obtained relief in the court below had he there sought it.

It was shewn in this case that after the entry of the judgment, and before the suing out of the writ of error, the defendant below applied to the supreme court to *set aside* the proceedings of the plaintiff for *irregularity;* but it was not shewn that he had asked for a correction of the specific errors relied on for a reversal of the judgment.

ERROR from the supreme court. Lydia Starr as administratrix of Samuel Starr, deceased, declared against Jacob

ALBANY,
Jan. 1830.

Houghton
v.
Starr.

Houghton in the supreme court in *debt.* The declaration contained two counts, the first on a written obligatory bearing date 8th June, 1814, by which the defendant acknowledged himself to be indebted to the intestate in his life-time in the sum of $1200: and the second also on a writing obligatory bearing date 1st August, 1814, by which the defendant acknowledged himself to be indebted to the intestate in the sum of $300, concluding to the damage of the plaintiff $200. The defendant pleaded *non est factum* to each writing obligatory, and also pleaded a discharge obtained by him on the 7th March, 1820, as an insolvent debtor, *exempting his body from imprisonment.* The plaintiff in an entry on the record admitted the truth of the second plea, prayed judgment, and entered on the record a judgment in the usual form in such cases, for the debt and damages, to be levied not on the person of the defendant, but on his lands, goods and chattels, &c. and then a *unica taxatio,* and an award of a *venire tam quam.* The jury in the *postea* say that the writing obligatory in the *first* count of the declaration mentioned is the deed of the defendant, and they assess the damages of the plaintiff on occasion of the detaining the debt over and above her costs and charges to $1200, and for those costs and charges to six cents : whereupon a judgment is entered that the plaintiff recover against the defendant " her said damages, costs and charges as such administratrix as aforesaid by the jurors aforesaid, in form aforesaid assessed, and also $57, for her costs and charges by the court now here adjudged of increase to the said L. S. with her assent, which said damages costs and charges in the whole amount to $1257, and the said Jacob Houghton in mercy, &c." The judgment was entered as of October term, 1827, and signed on the 29th October, 1827.

To shew that the questions intended to be presented on the writ of error had been distinctly *presented to and passed upon by the supreme court,* exemplifications of certain proceedings had in that court subsequent to the entry of the judgment there, were read ; from which it appeared that at the February term, 1828, of that court, an application was made to the court to set aside the judgment and the execution issued

thereon for irregularity, founded on an affidavit setting forth the facts above detailed, and in addition stating the issuing of an execution, reciting a judgment for $1200 debt and $57 damages, and directing the levy of $1257 damages and costs, with interest from October 29th, 1827; and it further appeared that the court denied the motion, but allowed the plaintiff to amend her execution by making it conformable to the judgment, and directed the plaintiff to pay the costs of the amendment and of the motion.

ALBANY,
Jan. 1830.

Houghton
v.
Starr.

*J. L. Wendell* rose to argue the case for the plaintiff in error, when

*S. M. Hopkins*, for the defendant in error, objected to the argument proceeding, contending that the plaintiff in error was not entitled to be heard, inasmuch as it was not shewn that the questions intended to be raised here had been presented to and passed upon by the supreme court. He insisted that this could be done only by producing the opinion pronounced by that court; and if no opinion had been given by that court, it was manifest that they had not given any judgment which this court could review. He objected to this novel mode of proceeding, of opening the argument of a writ of error which of necessity must be on the record alone, by reading exemplifications of affidavits and other proceedings in the cause forming no part of the record, and from them attempting to shew error in the record. Error he said could not be shewn by matter *dehors* the record. (5 Johns. R. 318.) Besides the papers produced only shewed that questions of irregularity had been submitted to the supreme court, whereas here the record was attacked for error; and if such papers could be read, they ought to have been brought in by certiorari, on alleging diminution, so as to give the opposite party a knowledge of the proceeding.

*J. L. Wendell*, for the plaintiff in error. The errors relied on for the reversal of the judgment are, 1. The verdict was imperfect, the jury having passed only upon the issue joined upon the first count of the declaration, leaving the issue upon the second count entirely undisposed of: 2. The damages

assessed by the jury exceed the damages claimed in the declaration ; 3. The judgment is in assumpsit, though the action is in debt ; and 4. The judgment is general, whereas it should have been special, exempting the body of the defendant from imprisonment.

In answer to the preliminary objection, he said it was competent to the supreme court to have set aside the judgment as irregular ; and the plaintiff in error having applied there in vain for redress, has a right, within the most rigid rules of construction of the jurisdiction of this court, to come here. (2 . Wendell, 146, 7.)   The reasons of the supreme court for refusing the motion are not material, and need not to be produced ; for the writ of error is not brought for the erroneous decision of the motion ; a writ of error not lying on an interlocutory order.   (12 Johns. R. 55, 56, 57 and 62.) That proceeding is shewn solely in compliance with the decisions of this court, requiring the party asking the interference of this court to shew that he has applied to the court below for redress before prosecuting his writ of error.   It is admitted the proceeding is novel, but it is rendered necessary by the decisions of this court.   The proceedings in the court below may be shewn as well by exemplifications of those proceedings, as by bringing them into court by certiorari or alleging diminution.   Indeed a certiorari is considered as inapplicable ; for the motion to set aside the judgment forms no part of the record, which only, or its branches, such as an original, &c. can be brought up by certiorari.   (Tidd's Pr. 662, 1103.)

Independent, however, of a previous application to the supreme court, the plaintiff in error is entitled to be heard. The plaintiff below took a judgment in assumpsit when the action was debt.   Besides, the judgment is general when it ought to have been special against the property, exempting the body of the defendant from imprisonment.   The plaintiff was bound to enter such special judgment upon the record.   (Tidd's Pr. 633.   2 Archb. 93.   Tidd's Forms, 175.) The entry preceding the *unica taxatio* is not a judgment ; it is an entry simply, conditional in its terms, depending upon the other issues being found for the plaintiff, and which goes

for nothing if such other issues are not so found. (2 Wendell, 300.) The case therefore is supposed to come directly within the principle of *Palmer* v. *Lorillard*, (16 Johns. R. 353,) where Chancellor Kent said it would be shocking the common sense of justice to permit a judgment to stand to which a party is not entitled; which opinion is cited with approbation in 2 Wendell, 147. Not having voluntarily abandoned the opportunity of obtaining relief in the court below, but on the contrary having sought it in vain, the plaintiff is entitled to relief here. (2 Cowen, 51 to 55.)

The following opinions were delivered:

By the CHANCELLOR. This court has repeatedly decided, and it is now the settled law, that a writ of error to this court cannot be sustained, except in those cases where the matters assigned for error have been actually considered by the court below, or fairly presented to that court in such a manner that they might have been considered and passed upon there. In *Campbell* v. *Stakes*, (2 Wendell's Rep. 137,) I had occasion to review the several cases on this subject, and the conclusion at which I arrived was unanimously concurred in by this court in the decision of that case. But the particular mode in which the question should be presented to the court below, or what evidence this court will require to shew it has been so presented, has never been definitively settled.

In *Sands* v. *Hildreth*, (12 Johns. Rep. 493,) it appeared on the face of the decree that it was taken by default; and the chancellor, when called upon for his reasons, said he had none to assign, as the decree was made as a matter of course, by the defendant's default. In *Gelston* v. *Hoyt*, (13 Johns. R. 561,) the objection could not, in the ordinary mode of entering such judgments, appear upon the record; but from the opinion of the chancellor in that case, it appears that the judges, when called on to assign their reason, stated that the judgment was given without examination because the defendant's counsel appeared, but declined arguing the cause, when the same was called; and on the information thus ob-

tained, this court refused to examine the questions present-
ed by the demurrer. In *Henry* v. *Cuyler*, 17 Johns. R. 469,)
the question came up on demurrer in the supreme court, and
as that court had previously decided the same question in an-
other suit, the parties thought it unnecessary to re-argue it
there, and the judgment passed *sub silento* by consent, with
an understanding that a writ of error was to be brought to
test the correctness of the previous decision. This court
acted on the information of the judges, that the question had
never been submitted to them in the particular cause under
consideration, and quashed the writ of error, although no ob-
jection was made on that account by the defendants in error.
In *Bemus* v. *Beekman*, (3 Wendell, 667,) decided by this
court in December last, the plaintiff in error alleged diminu-
tion, and brought up the minutes of the circuit and a rule of
the supreme court allowing the defendant in error to amend
the verdict from which, as well as from the opinion of that
court, it appeared that the verdict was defective, and that
the plaintiff in error had applied for a *venire de novo* on that
account.

From these cases it appears, that the information of the
judges, when called upon for their reasons, is the usual evi-
dence on which this court acts in deciding whether the mat-
ters assigned for error were presented to the court below for
its decision. I think if the plaintiff in error does not produce
the reasons of the court for the decision which is alleged to
be erroneous, it is *prima faci* evidence that the court has
not actually passed on the question; but he may show, that
for some particular cause, the reasons of the court below can-
not be obtained, although the court has actually passed upon
the question. This court can only reverse the judgment upon
errors appearing on the record and proceedings brought up
by the writ of error, or by certiorari; but the evidence on
which we are to decide whether we will look into the alleged
errors in the record is of a different description. Where a
motion in arrest of judgment has been made, a certified copy
of the order denying the motion and a copy of the points
which were submitted to the court on that application, would
probably be sufficient.

As to the time and manner of bringing questions before the supreme court, which the party wishes to review on error, that must in all cases depend upon the ordinary practice of that court. If the declaration is defective the defendant must demur, or move in arrest of judgment. If the question arises on a bill of exceptions or special verdict, the case must be argued, or submitted to the court, upon the questions of law raised therein. If there is a defective verdict, the party should move in arrest, or apply for a *venire de novo*, before the rule for judgment becomes absolute. If the proceeding previous to the judgment are regular, and the plaintiff makes up an erroneous record by which the adverse party is injured, the latter should apply to the court, the first opportunity, to correct the record, so as to make it correspond with the judgment, which the plaintiff was entitled to enter under his common rule, or the previous decision of the court; in other words, he should apply to that court, at the proper time and in the proper manner, to do what this court would direct to be done if the writ of error was sustained.

In determining whether the matters assigned for error in this case were properly presented to the supreme court, I find it very difficult to refrain from expressing an opinion on the question whether they afford sufficient grounds for reversing this judgment under any circumstances. It will therefore be necessary to examine each distinct matter separately.

The first objection to the judgment, which the plaintiff in error makes, is that the pleadings are in debt, and the judgment is in assumpsit. The question could not have been raised before the supreme court, as there is not the least foundation for it in fact. The first count of the declaration is in debt, on a sealed obligation for $1200, dated in June, 1814. If it was necessary to support the judgment, this court would presume it was a single bill, and that the damages assessed by the jury were for the 14 years interest thereon, as nothing to the contrary appears on the record. In that case the plaintiff below would be entitled to a judgment both for the debt and damages; and the defendant could not reverse the judgment for damages and costs, to which the

plaintiff was entitled, because he had neglected to take a judgment for his debt also. (Miller v. Miller, 8 Johns. R. 74.) If this court should reverse the judgment on that ground, it would be obliged to give such judgment as the court below ought to have given, that is, a judgment against the plaintiff in error, both for debt and damages. If he had applied to the supreme court to have such a judgment entered against him, I presume it would have been granted without opposition. It appears from some of the papers before us, though not from the record, that the instrument mentioned in the first count, was a bond for the payment of money, and that the principal and interest a little exceeded the penalty ; and I presume the jury, by mistake assessed damages to $1200, in addition to the debt. As the condition of the bond did not appear upon the record, if the defendant was injured by this finding, his proper remedy was by an application for a new trial. But I presume even that was not necessary, as the court would not under the judgment for the penalty permit the party to levy any thing more than was actually due.

The second objection is, that the jury have found damages beyond the sum laid in the declaration. If the party had moved an arrest, or applied for a new trial on that ground, the adverse party might have remitted the excess on the record. Not having made such application to the court below, it cannot now be alleged for error ; especially in a case where, from his own showing, it is mere matter of form.

The third objection is, that the jury assessed damages when no breaches were assigned. It is not necessary to assign breaches on a simple money bond ; and the damages do not purport to be for any breach of the condition of a bond, but for the detention of the debt. If there was any substance in this objection it clearly was a case for a new trial, or for a motion in arrest : which should have been made before the rule for judgment became absolute.

The fourth objection is founded on the admission made in the plea to the assignment of errors. A vicious plea to an assignment of errors in law will not make a judgment erroneous which would not have been so if the party had put in the ordinary joinder in error. In such cases the court must

still look into the record, to see if it is erroneous. It is otherwise where error in fact is assigned ; because the defective bar is an admission of the fact. (*Carlton* v. *Mortagh*, 2 Ld. Raym. 1005.   1 Salk. 268, S. C.)

The last objection is, that the judgment should have been so entered as to exempt the body of the defendant from execution. The plea of the discharge under the insolvent act is admitted to be true : and if there was any reason to suppose the judgment, as actually entered in this cause, could subject the body of the defendant to imprisonment, I should endeavor if possible to get over the objections of form, and reverse the judgment. But immediately after the plea of the discharge, and the plaintiff's admission of its truth, a formal judgment is entered on the record that the debt and damages if recovered shall not be levied on the person of the defendant, but only on his lands and goods ; and the giving of judgment, as to the debt and the assessment of the damages, is stayed until the trial of the issue joined on the other plea. There is nothing in the last judgment at all inconsistent with this judgment of exemption as to the body ; and I think it would have been entirely useless to repeat it again upon the record. But if such repetition was necessary, and the record was defective in this particular, I think the defendant should have applied to add this judgment of exemption to that for the damages and costs, instead of applying to set aside the judgment for irregularity. The judgment was properly entered, and could not be set aside for irregularity ; but if in making up the record of that judgment, it was erroneous in not conforming to the judgment which the plaintiff was entitled to under his previous proceedings, the defendant should have applied to have the record corrected, so as to conform to the judgment. The execution against the property of the defendant was irregular, because it did not conform to the judgment ; and although the plaintiff was permitted to amend, he was ordered to pay the costs of the application.

Another defect in the verdict is relied on, which is, that the jury have not passed upon the issue joined on the second count ; but this also could have been brought before

the court before judgment, and probably would have been cured by a *nolle prosequi* as to that court.

On the whole, though there has been great carelessness on the part of the plaintiff, in the court below, either as to the proceedings in the cause, or in making up the record, I have not been able to discover any error which could possibly injure the defendant, or deprive him of any legal right. At all events there is none which has been presented to the court below in such a manner as to authorize this court to review the decision thereon.

My opinion therefore is, that we ought to dismiss this writ of error with costs.

By Mr. Senator BENTON. The question presented upon the record in this cause has never been presented to the consideration of, or reviewed by the supreme court, and the plaintiff here alleges that the court can take no notice of the proceedings upon the motion ; and in this I think he is perfectly correct, because they form no part of the record before us, and also for the reason, that a writ of error cannot be brought upon an interlocutory order of the supreme court. There are numerous adjudged cases which seem to me to settle the law of this court, upon the question now presented for decision, and it does appear to me that if the doctrine of *stare decisis* is to be acted upon in any judicial tribunal, it is very proper to apply it in an appellate court, and in one of the last resort.

But if it should be supposed that these decisions do go to the extent of the proposition involved in this case, then I apprehend the constitution itself presents an obstacle which cannot be surmounted. Article fifth, section first, provides, that " when an appeal from a decree in chancery shall be heard, the chancellor shall inform the court of the reasons for his decree ;" " and when a writ of error shall be brought on a judgment of the supreme court, the justices of that court shall assign the reasons for their judgment." The 6th section of article 1st, title 1st, of chapter one of the third part of the Revised Statutes, provides that the reasons of the chancellor and justices of the supreme court shall be submit-

ted in writing, and shall be assigned before the argument of the appeal or writ of error. The practice of this court has been, for a considerable time immediately preceding its enactment, according to this statutory provision.

In the case of a judgment obtained upon a default, and also where a party neglected to appear and argue on a demurrer, and judgment was pronounced against him, the writs of error were dismissed. The same practice has been held in relation to appeals from the court of chancery. This court will not sustain an appeal from an order to take a bill as confessed, nor where, upon a regular notice of hearing, the party neglects to appear and argue, and a decree is pronounced against him upon that hearing.

If the verdict in this case was defective and bad, it appears to me the plaintiff's course was clear and obvious, he should have presented the questions arising upon the verdict to the supreme court in the first instance ; but instead of doing this, he comes directly to this court without asking the court below to apply a corrective.

In the case of *Bemus* v. *Beekman,* recently decided in this court, the objection was interposed upon the argument, that the writ of error could not be sustained because, as was alleged, the point necessary to be decided by this court, and upon which the case turned, had not been submitted to and reviewed by the supreme court, this, however, did not appear to be the fact. Upon diminution alleged, the certificate of the circuit clerk and a copy of the rule to amend the verdict, entered at the time the court pronounced this decision, was brought up by *certiorari.* The court below, on the argument of the case, there instead of setting aside the virdict and awarding a *venire de novo,* permitted the party to amend. This appeared affirmatively from the opinion given, which was a part of the case and the copy of the rule brought up on the *certiorari.*

We cannot ascertain upon an inspection of the record before us, that the attention of the supreme court has ever been called to the verdict found, or to any question arising upon the record on which the plaintiff now seeks a reversal of this judgment.

In the case of *Campbell* v. *Stakes*, the writ of error was dismissed, and expressly upon the ground that the questions raised upon the argument and presented by the record, had not been passed upon by the supreme court. The record in the form it was presented to this court had never been before the supreme court nor the questions distinctly presented.

I am of opinion that the writ of error should be dismissed with costs, without hearing the argument upon the merits.

Mr. Senator BEARDSLEY also delivered an opinion for the dismissal of the writ of error, with which the reporter has not been furnished.

By Mr. Senator TRACY. I consider the question before the court as wholly preliminary, and in that point of view only have I examined it. In my judgment, the cause is brought before us in such a manner that we are bound to look into the record to see whether there be error or not. There is no decision of this court which, in my opinion, forbids our so doing, although the court has gone far towards establishing a rule which would preclude the plaintiff from being heard. The strongest case is that of *Colden* v. *Knickerbacker*, (2 Cowen, 31,) but even that I do not consider as preventing us from entertaining this writ of error.

If there be a substantial error in the record, the plaintiff may assign it. The only judgment upon which this court can pass, is the judgment contained in the record; they cannot review the decision of the supreme court upon the motion to set aside the proceedings, because that was an interlocutory order with which this court will not interfere; but if there be a radical error in the record, in my opinion they have the power, and it is their duty to correct it. Suppose a plaintiff in his declaration demands, in an action of assumpsit, the sum of $100. and shews no right beyond that amount, and yet takes a judgment for $1000, can it be, when this manifest error and flagrant injustice appears upon the face of the record, that this court will say that the party is remediless. The defendant below is apprised by the declaration of the extent of the plaintiff's demand, he makes no defence and permits judgment to go against him by default;

the plaintiff takes judgment for a sum ten times greater than he demanded in his declaration, and waits one year before he issues his execution; the defendant applies to set aside the judgment in the court below for irregularity, but he is told by the court that they cannot relieve him because they cannot set aside a judgment as irregular after the lapse of a year; and on applying to this court to get rid of this erroneous judgment, are we bound to say to him, we cannot relieve you because your remedy was in the court below? So in the present case, though it should be admitted that the judgment was entered for no greater amount than the plaintiff was entitled to, still a *general* judgment is entered, when the party was entitled to only a *special* judgment; suppose an execution to issue against the body of the defendant after the lapse of a year, the supreme court could not relieve the party, for the execution would be in conformity to the judgment, and the judgment could not be vacated because a year had elapsed. Surely this court is not prevented from granting redress.

The utmost requirement that can be made of a party under the decisions of this court is, that on applying to this court for relief, he shall shew that he has in vain sought redress in the court below; and on such shewing he is entitled to be heard, let the reason why he was not successful in the court below be what it may, even should it be because not made as soon as by the practice of the court the application ought to have been made, for such application to the court below is necessary only to comply with a rule of this court and not because the constitution or the law organizing this court require that such previous application should be made. I would ask, what could the plaintiff in error have done more than was done in this case to have the error corrected? He applied to the supreme court to set aside the judgment erroneously entered. They refused; for what reason we do not know, and cannot inquire because the proceeding was interlocutory. The supreme court may have decided correctly, but whether such decision was correct or not we cannot determine, until we look into the record. My opinion therefore is, that the plaintiff in error is entitled to be heard.

ALBANY,         On the *question*, shall the writ of error in this case be
April, 1830.  ·dismissed ? *twenty* members of the court gave their voices in
Legg          the *affirmative* and *two* in the *negative*.  Whereupon the writ
v.            of error was dismissed with costs.
Overbagh.