## LIGHTBODY vs. POTTER.

A plaintiff may before trial *set off* his demand prosecuted in this court, against a demand of the defendant prosecuted by him in a justice's court; and if, after a verdict against him in the justice's court, the plaintiff here, appeals to the common pleas and obtains judgment of *nonsuit* or *discontinuance*, his demand here is revived as a subsisting demand, and the judgment of the common pleas may be replied in answer to the judgment in the justice's court pleaded in bar of the plaintiff's right of recovery.

DEMURRER to replication. The plaintiff declared on a promissory note for $166,79, made by the defendant, who pleaded the general issue. The cause was noticed for trial at a circuit court to be held in *April*, 1831, when the defendant interposed a plea of *puis darrein continuance,* that since the commencement of the suit, (which was on the first day of *October*, 1830,) and since the last continuance, to wit, on the 23d *December*, 1830, issue was joined in a cause commenced by the *defendant* (Potter) against the *plaintiff,* (Lightbody,) before a justice of the peace *in an action on contract,* for a sum less than $50; that upon so joining the issue, Lightbody pleaded the general issue and gave notice that on the trial of the cause, he would *set off* against any demand of Potter in that cause, the promissory note declared on in this cause; that on the next day the parties proceeded to trial before the said justice and a jury, on the issue thus joined, and Lightbody claimed to be allowed for the said note, and gave evidence in support of his claim, and the promissory note was submitted to and passed upon by the jury, who, after hearing the proofs and allegations of the parties, found a verdict in favor of Potter for $40 damages, upon which the justice rendered judgment, with costs of suit, wherefore Potter prayed if Lightbody ought *further* to have or maintain his action. To

this plea the plaintiff *replied* that he appealed from the judgment thus rendered, to the common pleas of Oneida, and *taliter processum fuit* that in the said court of common pleas, on, &c. at, &c. " it was, amongst other things, considered by the said court that the said Almon Potter take nothing by his said declaration or suit, but that he be in mercy, &c. and that the said defendant (Lightbody) do go thereof without day, &c." and this, &c. wherefore, &c. The defendant demurred to the replication.

*W. C. Noyes,* for the defendant. The right of action in this court was destroyed by the plaintiff voluntarily withdrawing his demand, availing himself of it as a set off in the suit commenced by the defendant before the justice, and submitting it to a jury, whose decision upon the rights of the parties is conclusive, subject only to an appeal. Such appeal was made, and for aught alleged in the plea *puis darrien* to the contrary, the defendant in that suit, the plaintiff here, obtained a verdict and judgment for all that he was entitled unto. The plaintiff here should not be allowed to say that only *judgment of nonsuit* was entered ; if such was the fact, he should have pleaded it, and not having done so, the presumption is that such was not the fact ; a pleading is to be construed most strictly against the pleader.

*J. A. Spencer,* for the plaintiff. In the suit before the justice, and consequently in the common pleas, Lightbody, on establishing his set off, was entitled to demand that so much thereof as was sufficient to satisfy Potter's demand should be set off against such demand, and judgment for costs be rendered in his favor, *or,* if he did not require such set off, he was entitled to ask that *judgment of discontinuance* with costs should be entered in his favor, 2 *R. S.* 235, § 53 ; and such judgment of discontinuance, no doubt, was entered in this case, and such is the fair import of the plea. Had a verdict been rendered in favor of Lightbody and judgment been entered thereon, the defendant here should have *rejoined* the facts instead of putting in a demurrer to the replication.

*By the Court*, NELSON, J. It is clear that at the time of the commencement of this suit, the plaintiff had a good and subsisting cause of action against the defendant, and unless it has subsequently been extinguished, he is entitled to recover. The set off of the plaintiff's cause of action in the suit commenced by the defendant before the justice, and the judgment rendered by the justice, operated as an extinguishment whilst such judgment remained unreversed. The judgment of the common pleas, however, on *appeal*, removed the bar to the recovery in this suit, and revived the demand of the plaintiff as a subsisting demand in this court. Instead of Potter having a judgment against Lightbody, set up in the plea as a defence to this action, the latter has a judgment against the former on appeal, which, upon well settled principles, operates as a reversal of the judgment before the justice. The judgment rendered on appeal, as set forth in the replication, is in the form of a *judgment of nonsuit*. If there was any thing in the proceedings or in the trial on the appeal, which, notwithstanding the judgment for Lightbody, would shew the extinguishment of the note in question, the defendant here should have *rejoined* such matter; his plea would then have been sustained. As the pleadings stand, the replication is a perfect answer to the plea of *puis darrien continuance*.

Judgment for plaintiff.

---

## GENERAL RULES.

I. Whenever either party shall intend to move to set aside a report of referees, he shall give due notice of such motion at the next term after such report of referees shall be signed, together with a copy of the affidavit or affidavits on which such motion will be founded. If the party on whom such motion and affidavits shall be served, shall be dissatisfied with the facts as stated in the affidavits served upon him, he shall within ten days serve his opposing affidavits upon the party making the motion. If such opposing affidavits contradict any material fact in the affidavits on which the motion is founded,

either party may, within ten days after the service of such opposing affidavits, give notice of at least eight days, of appearance before the referees for the purpose of settling the facts. The referees, upon being served with the affidavits on both sides, and hearing counsel if desired, at the time and place designated for that purpose in such notice, shall make a full report of the evidence and their proceedings upon the reference. Such report will be conclusive evidence of the facts stated, and upon it the motion to set aside the report will be determined.

II. All copies of cases, error books, demurrer books, bills of exceptions, and special verdicts, shall be numbered by the folio, and the lines of each folio numbered so that they shall correspond.*

UTICA,
July, 1833.
General rules.

---

* Whenever a party, bound to serve his adversary with a demurrer book, error book, or the like, omits or neglects to serve the same within the time limited by the rules of court, the party entitled to such demurrer book, &c. may give notice to the other party that he will apply to the court on an affidavit of such omission or neglect, on either the first Monday, first Thursday or second Friday of term, to strike the cause from the calendar (whether placed there by himself or his adversary) and to render judgment in his favor. If the cause be called previous to the day for which such notice is given, the court passes it without prejudice until the motion can be heard, and when heard, unless the party charged with being in default excuses himself, the motion is granted. The reporter has deemed it his duty to state this point of practice, as there is no decision *published* establishing such to be the practice of the court, although it has been invariably adhered to for several years past. The practice was settled on a full review of the cases in 16 *Johnson,* 2, 6 *Cowen,* 609, and 4 *Wendell,* 196.