CLARK *vs.* CLARK.

A *circuit judge* has power to enlarge the time to prepare affidavits to found a motion to set aside a *report of referees* on the merits.

A REPORT was made in this cause by *referees* on the *eighteenth* November 20. day of *October* last, in favor of the plaintiff. On the *twenty-second* day of October, the defendant obtained an order from a *circuit judge* enlarging the time for the defendant to prepare affidavits, with the view of moving this court to set aside the report of the referees on the merits, for *sixty days* and in the mean time staying the proceedings on the part of the plaintiff; which order was on the same day duly served on the plaintiff's attorney. The plaintiff's attorney disregarded the order, entered judgment on the report, and issued execution. A motion is now made, on the part of the defendant to *confirm* the judge's order, and to set aside the judgment and execution.

*By the Court,* SUTHERLAND, J. The only question in this case is, whether a *circuit judge* can enlarge the time for preparing affidavits and giving notice of motion to set aside the report of the referees. I think this case falls within the principle of the 39th rule of this court, although it is not embraced within its terms. That rule provides, that the time for preparing a case, bill of exceptions or demurrer to evidence, and the time for preparing amendments thereto, may be enlarged by the judge before whom the cause was tried, or by one of the justices of this court. The same reason and necessity for this power exist in the case of a report of referees, as in the cases particularly enumerated in the rule. Where, as in this case, the report is made but a day or two before the term, it would be extremely difficult, if not impossible, in many cases, to draw and serve the affidavits, and get an order to stay proceedings on the merits, before judgment would be perfected upon the report. If a judge in vacation cannot enlarge the time, it would frequently be necessary to stay

ALBANY,
Nov. 1834.

the proceedings until a special motion to this court could be made for the purpose. The expense and delay of this course of proceeding ought, if possible, to be avoided. A report of referees resembles, in many respects, a verdict of a jury; and by the rules of *July term*, 1833, 10 Wendell, 536, where the parties differ as to the facts, they are to be settled by the referees, in the same manner substantially as a case is settled by a circuit judge. I see no objection, in principle, to extending to this case the 39th rule, and allowing the time for drawing the affidavit to to be enlarged by a circuit judge, or one of the justices of this court. Graham's Pr. 472. We have considered a report of referees as equivalent to a verdict, and proceedings after verdict can be stayed only by a circuit judge, or one of the judges of this court. The plaintiff's proceedings subsequent to the order must therefore be set aside; but as the point of practice may be considered new, the costs must abide the event. The order of the judge must be considered as effectual and still in force.