| 4 | 213 |
|---|---|
| 80a | 247 |

| 4 | 213 |
|---|---|
| 91a | 130 |

MARK BEAUBIEN, Jr., *et al.*, plaintiffs in error, *v.* RICHARD J. HAMILTON, Commissioner of School Lands for Cook County, defendant in error.

*Error to Cook.*

The law is well settled, that where an error in fact is committed in legal proceedings, the Court in which the error is committed, may correct it by a writ of error *coram vobis*, or on motion.

The Supreme Court has only an appellate jurisdiction, except in the cases enumerated in the Constitution and act regulating that Court. It can only revise the adjudications of an inferior court wherein the rules of law or principles of equity appear from the files, records, or exhibits of such court, to have been erroneously adjudged and determined.

The Supreme Court has no jurisdiction of an error in fact occurring in an inferior court.

*Semble,* That a case might be presented in which the Supreme Court would entertain jurisdiction of a question of fact.

J. BUTTERFIELD and S. STRONG, for the plaintiffs in error, cited Arnold *v.* Sandford, 14 Johns. 417.

J. YOUNG SCAMMON, for the defendant in error :

Error *in fact* cannot be assigned in this Court.

The Supreme Court of this State has " appellate jurisdiction only, except in cases relating to the revenue, in cases of *mandamus*, and such cases of impeachment as may be required to be tried before it." Const., Art. IV, § 2 ; R. L. 42 ; Gale's Stat. 31.

The " *Act regulating the Supreme and Circuit Courts,*" Gale's Stat. 168 § 2 ; R. L. 147–8, provides that the Supreme Court shall have appellate jurisdiction only, with certain exceptions therein enumerated.

These provisions of the Constitution and statute give to the Supreme Court only the power to revise the adjudications of the Court below, on questions of law.

If the act attempted to extend the jurisdiction of the Court, the attempt would be ineffectual, because unconstitutional.

Error *in fact* must be tried by a jury.   1 Tomlin's Law Dict. 652 ; 1 Arch. Pract. 281 ; 2 Tidd's Pract. 1122.

This Court cannot order a jury to be empannelled in a case like the present.

Error *in fact* can be brought only in the Court in which the error complained of exists ; or to which the record is transferred. 2 Saund. Plead. 101, n. (1) ; 1 Arch. Plead. 234 ; 2 Sellon's Pract. 363 ; Calloway *v.* Nifong, 1 Missouri 223 ; 2 Tidd's Pract. 1057.

Error *in fact* cannot be assigned either in the Exchequer Chamber or the House of Lords.   Hopkins *v.* Weigglesworth, 2 Lev. 38 ; 1 Vent. 207 ; Roe *v.* Moore, Comb. 597 ; 2 Saund. Plead. 101 a, note to case of Jaques *v.* Cesar ; Cro. Jac. 5 ; Knoll's Case, 3 Salk. 145 ; 1 Arch. Pract. 234, 236, and cases there cited ; 2 Tidd's Pract. 1061–2, 1057.   Nevertheless, a writ of error at common law lay, in all cases, from the King's Bench inmediately to the House of Lords, whether upon judgments in causes originally commenced in the King's Bench, or brought there by writ of error.   37 H. 6, 13 ; 11 E. 4 ; 9 Roll. Abr. 745; 1 Arch. Pract. 235.

The statute, 27 Eliz. c. 8, gave to the Exchequer Chamber substantially as general powers, in revising the errors of the Court of King's Bench, as our statute confers on this Court.   2 Tidd's Pract. 1059–60 ; 2 Sellon's Pract. 388–9 ; yet " error *coram vobis* lies not in the Exchequer Chamber."   Cro. Jac. 620 ; 2 Sellon's Pract. 400–1 ; 2 Lev. 38 ; 1 Vent. 207 ; 2 Mod. 194 ; Comb. 597 ; 1 Tomlin's Law Dict. 653.

The Court of Errors in New York, previous to the R. S., had no power to try an issue of fact ; nor to send it to an inferior court for trial that way.   8 Cowen 325, 328, 333.

The Court of Errors has not jurisdiction to reverse a judgment of the Supreme Court, for error in fact, unless the question has first been examined and decided upon a writ of error *coram vobis* in that Court.   Davis *v.* Packard, 6 Wend. 327.

Error *in fact* cannot be assigned in the Supreme Court of the United States.   Penhallow *et al. v.* Doane's Admrs., 2 Dallas 102.

There is no occasion for troubling this Court with an assignment of error *in fact*.   The proper course to be pursued is for the party aggrieved to apply to the Court below by motion.   Pickett's heirs *v.* Legerwood *et al.,* 7 Peters 147 ;   Sloo *v.* The State Bank of Illinois, 1 Scam. 439.

The writ of error *coram vobis* has been disused and superseded by the more summary mode of a direct application to the Court for the rightful exercise of its own powers, over its proceedings, and those of its officers.

A party may demur to an assignment of error *in fact*.   1 Arch. Pract. 280 ; Story's Plead., Oliver's ed., 354 ; 2 Tidd's Pract. 1116.

Beaubien *et al. v.* Hamilton.

On demurrer to an assignment of error *in fact*, the judgment is, that the former judgment be affirmed. 2 Saund. Plead. 101 v ; 1 Arch. Pract. 281 ; 2 Tidd's Pract. 1118.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt*, brought by the defendant in error against the plaintiffs in error, in the Cook Circuit Court, on a sealed note for $100. Judgment was taken by default against Mark Beaubien, Jr., and final judgment against all the plaintiffs in error.

The cause is brought into this Court by writ of error. The errors assigned are, " That the said Mark Beaubien, Jr., at the time of the issuing and serving the summons, and at the time of the entering of his default, as in the record is mentioned, was an infant under the age of 21 years, that is to say, at the time of the entering the said default, was of the age of 20 years, 6 months and 15 days, and no more, in which case a guardian ought to have been appointed for the said Mark Beaubien, Jr., before the entering of said default, to have appeared and defended the said suit, in his behalf; and because the said Mark Beaubien, Jr., was an infant, as aforesaid, and no guardian was appointed for him, in the entering of the said default, as aforesaid, there was manifest error. And this they, the said plaintiffs, are ready to verify ; wherefore, they pray that the judgment and default aforesaid may be revoked, reversed, annulled," &c.

To this assignment of errors, the defendant in error has demurred, and assigned several causes of demurrer. It is, however, only necessary to notice the following one, to wit : The assignment of error is an assignment of error in fact, whereas, by the law of the land, error in fact cannot be assigned in this Court.

The law is well settled, that where an error in fact is committed in legal proceedings, the Court in which the error is committed, may correct it by a writ of error *coram vobis*, or on motion. There consequently will be no failure of justice, if this Court comes to the conclusion that it possesses no jurisdiction of the question presented by this assignment of error.

It has been repeatedly held by the House of Lords, and the Exchequer Chamber, in England, and the Court for the Correction of Errors in the State of New York, that errors in fact, and which could have been corrected in the Court in which they occurred, cannot be assigned for error in those courts. The jurisdiction of the courts above enumerated is entirely of an appellate character, and from their organization they are not possessed of the powers and facilities necessary to investigate questions of fact, which, if denied, must be tried by a jury.

The jurisdiction of this Court is conferred by the second section of the fourth article of the Constitution of this State, which provides " That the Supreme Court shall be holden at the seat of Government, and shall have appellate jurisdiction only, except in

cases relating to the revenue, in cases of *mandamus*, and in such cases of impeachment as may be required to be tried before it." By the second section of the "*Act regulating the Supreme and Circuit Courts*," (1) passed January 19, 1829, it is provided, that the " Supreme Court shall exercise appellate jurisdiction only, (except as hereinafter excepted) and shall have final and conclusive jurisdiction of all matters of appeal, error, or complaints from the judgment or decrees of any of the Circuit Courts of this State, and from such inferior courts as may hereafter be established by law, in all matters of law and equity, wherein the rules of law, or principles of equity appear from the files, records, or exhibits of any such court, to have been erroneously adjudged and determined, and the said Supreme Court is hereby empowered, authorized, and enabled to take cognisance of all such causes as shall be brought before them, in manner aforesaid, and shall be vested with all power and authority necessary for carrying into complete execution all their judgments, decrees, and determinations in the matters aforesaid, according to the laws, customs, and usages of this State, and according to the rules and principles of the common law, and their judgments, decrees, and determinations shall be final and conclusive on all parties concerned."

From these provisions of the Constitution, and the act regulating the Supreme and Circuit Courts, it is evident, that this Court has only an appellate jurisdiction, except in the enumerated cases. It can consequently only revise the adjudications of an inferior court, " wherein the rules of law' or principles of equity appear from the files, records, or exhibits of such court, to have been erroneously adjudged and determined."

The errors assigned in this case, are matters of fact, and entirely *dehors* the record. The Court below consequently had not adjudged a rule of law or a principle of equity erroneously. This is conclusive that this Court possesses no power to revise the decision below.

In coming to this conclusion, it is not intended to decide, that a case may not be presented, where this Court would entertain jurisdiction of a question of fact. Doubtless, where great injustice would be done, and no other court could give relief, this Court would, from necessity, entertain jurisdiction of such a question. As where a release of errors should be pleaded, and the execution of the release be denied, this Court, to prevent a denial of justice, would either award a *venire* to try the issue, or send the question for trial to the court from whence the cause came.

The question whether error in fact can be assigned in an appellate court, was fully argued and considered in the Court of Errors in the State of New York, in the case of Davis *v.* Packard (2) The chancellor of that State, who delivered the unanimous

(1) R. L. 147; Gale's Stat. 168.                    (2) 6 Wend. 327.

opinion of the Court, says, "The last objection insisted on by the defendant in error is, that this Court will not entertain jurisdiction to reverse a judgment of the Supreme Court, for a mere error in fact, which might have been tried there, on a writ of error *coram vobis.* It is supposed by the plaintiff's counsel, that the reason why a writ of error did not lie to the Exchequer Chamber in England, was because that Court had no power to award a venire to try the fact. But that is not the true reason; for Lord Chancellor King said it was a great absurdity to suppose the Court of Exchequer Chamber had not power to do justice to the party, on a release of errors pleaded in that Court; and that they might, if necessary, award a venire under the seal of the Court of Exchequer. Gomez *v.* Manez. (1) And so it was decided by the Exchequer Chamber, soon after the passing of the statute organizing that Court; for although Chief Justice Anderson refused to seal the venire, it was not because the Court had not authority to award it, but for the reason that they had no jurisdiction to examine errors in fact. It was on the same ground, that the Court of King's Bench afterwards refused to grant restitution. Rue *v.* Long. (2) Whatever difference may have existed among the judges, as to the right of the Exchequer Chamber to sustain a writ of error, for errors in fact, it has been long since settled, that they have no such power; and if no error in law is found in the record, the judgment must be affirmed, notwithstanding an error in fact is assigned and admitted by the answer of the adverse party. (3) It never was supposed that error in fact could be examined on a writ of error to the House of Lords, except when it came before them by way of appeal from the decision of an inferior court, to reverse a judgment given upon a writ of error *coram vobis* in the Court below. See Holt's opinion. (4) I am, therefore, satisfied that this Court never had jurisdiction to reverse a judgment of the Supreme Court, for error in fact, unless the question had been first examined and decided upon a writ of error *coram vobis* in that Court. (5) The power given to this Court, by the recent revision of the laws, to award an issue when necessary, was not intended to give jurisdiction over causes not before cognisable here, but to enable it more conveniently to administer justice to the parties in relation to those causes where the trial of facts might become necessary, on a plea of a release of errors or otherwise."

This decision is conclusive on the question, if authorities were necessary.

The judgment below is affirmed with costs.

*Judgment affirmed.*

(1) 2 Strange 821.                      (2) Cro. Jac. 5.
(3) 3 Keble 28; 1 Ventris 207; 1 Levinz 38 S. C.; Roe *v.* Moore, Comb. 597;
2 Mann & Ry 285, note c.
(4) Skinner 523.                        (5) 2 Wend. 137; 4 Wend. 175.

*Note.* S. STRONG, for the plaintiffs in error, requested the Court to modify the judgment, by dismissing the writ of error, instead of affirming the judgment of the Court below. The Court refused to grant the request.