FOSTER REYNOLDS and MORRIS REYNOLDS, plaintiffs in error, agt. CHARLES A. DAVIS and SIDNEY BROOKS, defendants in error.

Where cross suits in error are prosecuted by the respective parties in the same cause, and the defendants in error, in one writ, interpose a special plea in bar to plaintiff's assignment of errors therein, being in substance *the pendency of another writ of error in the same cause;* such a plea will be stricken out as false and frivolous.

*February Term,* 1846.

MOTION to strike out plea as false and frivolous.

In this cause the plaintiffs in error sued the defendants in error in the New York superior court, in assumpsit, claiming to recover about $18,000, but actually recovered a verdict for only about $9,000. The plaintiffs took exceptions to decisions of the court below, by which his recovery was limited to the latter sum; and the defendants also excepted to decisions whereby the plaintiffs were permitted to recover at all. Each party brought a writ of error to this court, returnable at the same term. The above named defendants first assigned errors upon their writ of error, to which the above plaintiffs put in the usual joinder in error, except that, for the usual prayer that the judgment be affirmed, there was substituted a prayer that the writ of error be dismissed. The above plaintiffs then assigned errors upon their writ of error; to which the defendants interposed a special plea in bar, which was in substance a plea of *the pendency of another writ of error in the same cause.*

[*104]        * This was a motion to strike out this plea as false, so far as it misrepresented the prayer of the plaintiffs' joinders in error, and as frivolous, being no answer to the plaintiffs' assignment of errors. And whether cross suits in

Reynolds agt. Davis.

error could be prosecuted by the respective parties in the same cause was the main question.

A. TABER, *plaintiffs' counsel.*
FRANCIS GRIFFIN, *plaintiffs' attorney.*
N. HILL, JR., *defendants' counsel.*
CHARLES C. KING, *defendants' attorney.*

A. TABER, for the motion to strike out the special plea, insisted that a writ of error in a civil case is a writ of right, by any party deeming himself aggrieved by the judgment or proceedings of a subordinate court, which the opposite party could not defeat by prosecuting a writ of error in the same cause. That there was no reason for attaching such a limitation to an unqualified right secured by statute, since it was clear that a party could not avail himself of his bill of exceptions upon his adversary's writ of error. That several writs of error, by different parties in the same cause, involved no incongruity of practice or principle, and were supported by precedent and authority, and *cited* 2 *R. S.,* 591, § 1, *Cox* agt. *United States ;* 6 *Peters,* 172, *Birkhead et al.* agt. *Brown et al.;* 5 *Hill,* 634; cases *cited Til. and Yates on writs of error,* 235–6 ; 2 *R. S.,* 592, § 3.

N. HILL, Jr., insisted that the plea in question was a valid bar. That the pendency of the first suit in error was a bar to the second, prosecuted for the same cause, that is, for the reversal of the same judgment, between the same parties, and *cited* 6 *Com. Dig. Pleader,* 3 *b.* 18 *and* 19 ; *Houghton* agt. *Starr,* 4 *Wend.* 182 ; *United States* agt. *Tingey,* 5 *Peters,* 130 ; 1 *Chit. Plead.* 558, *note k and* 2.

BRONSON, Chief Justice. Granted the motion but without costs, as the question was new in this court.