### JOSEPH NAYLOR *v.* HENRY SCHENCK and another.

The *pendency* of another action, in favor of the defendant against the plaintiff, for the recovery of damages for breach of contract, will not prevent a recoupment of the same damages by way of defence to a subsequent action, brought by the plaintiff against such defendant upon the same contract.

*It seems*, that the rule in regard to set-off is the same—viz., that the pendency of a prior action for a defendant's claim does not prevent his using it as a set-off, even if his prior action has progressed to a verdict.

*It seems*, that it is no objection to a plea of set-off, that the defendant has brought an action against the plaintiff for the same sum, even although the plaintiff has paid the money into court in such former action.

APPEAL by the defendants from a judgment of the Marine Court. The material facts are stated in the opinion.

*John Aitken,* for the defendants, made the following points:

I. The justice at the trial erred in not allowing the appellants to prove and recoup their damages.

1. Damages in such a case may be recouped. (See *Whitbeck* v. *Skinner*, 7 Hill, 53.)

2. That appellants had brought an action some months before, which had not been tried, does not alter the justice or equity of the defence offered by them on the trial of this action.

II. The judgment of the court below should be reversed with costs.

*Daniel P. Barnard* and *Geo. W. Parsons*, for the plaintiff, made the following points :

I. The justice of the Marine Court did not err in not allowing testimony for alleged damages for violation of the landlord's covenant, to recoup against the respondent's claim for rent.

II. It is manifest that a party can have but one action pending at the same time for the same cause of action.

1. It is true, as the appellant claims, that a defendant may recoup damages to an action on a lease for rent, or he may bring a cross action for such damages, but he cannot do both ; and having made his election to bring his action for such damages, he cannot afterwards recoup the same to an action for rent. (*Allaire* v. *Whitney*, 1 Hill, 484.)

2. The doctrine of recoupment was only allowed to avoid circuity of action ; and as the appellant had waived this benefit, and already incurred the circuity by bringing his cross action where the respondent could not set off his rent, there is no reason why he should be entitled to such a defence to this action.

3. If the appellant had been allowed to recoup such damages in this action, and had succeeded in extinguishing the respondent's whole claim for rent, he would still have been at liberty to prosecute his cross suit for damages, which had been commenced and been at issue before this suit was brought, when the decisions are that having made his election to recoup, a party cannot afterwards bring a cross action for additional damages for the same breach of covenant. (*Allaire* v. *Whitney*, 1 Hill, 484.)

III. The ruling and decision of the justice in the court below were correct, and the judgment should be affirmed.

*Mr. Aitken*, in reply :

I. The 2d of the respondent's points is not supported by the case cited by him—in this—that a party having brought an action cannot recoup his damages during the pendency of such action. That point is not decided in the case 1 Hill, 484. But

II. The appellants having brought their action several months before the respondent brought his action, the damages suffered by the appellants after they had brought their action, should have been allowed in recoupment in the latter action. So far as those damages are concerned, the appellants could recoup without any question as to any point made by the respondent.

By THE COURT. WOODRUFF, J.—The only question presented by this appeal is this: Where a defendant has commenced an action for damages for the breach of a contract made by the plaintiff, and thereafter the plaintiff brings a cross action upon the same contract against the defendant, may the defendant recoup his damages in the latter action, or does the pendency of the former suit prevent it?

In this case the plaintiff brought his action in the Marine Court for rent due on a lease. The defendants, by way of defence, set up the non-performance of the covenants in the lease by the plaintiff, and claimed to recoup their damages. It appeared on the trial in the Marine Court that before the commencement of this suit the defendants had brought an action in the Supreme Court for the recovery of those same damages, which action was still pending. The Marine Court thereupon held that the defendants were precluded from giving any evidence in support of their answer, and ordered judgment for the plaintiff for the full amount of his claim.

The court seem to have regarded the pendency of the other action as a sort of abatement of the defendants' plea, or to have deemed the bringing of the suit (by the defendants) in the Supreme Court as a conclusive election to prosecute a cross action and not to recoup or use the claim as a defence under any circumstances while that action should continue.

There is in this holding a misapprehension of the defendants' position. They are not prosecuting two actions, one of which abates the other. In an endeavor to recover their damages, they find themselves prosecuted by their adversary. They may defend by setting up any matter which the law recognizes as a

defence, whether it be a cause of action or whether it be a judgment actually recovered thereon—the only difference being that after judgment it must be used as a judgment and by way of set-off.

The election made by the defendants was not an election not to recoup. At that time it was an election between prosecuting to establish their claim or suffering the injury without seeking any redress.

And when the plaintiff forced them into court upon the claim for rent, the opportunity to use their claim by way of defence first arose, and they had a right to embrace it. Until judgment in one of the suits, the right to press the claim in either form continued. Such was the view of the subject taken in *Swan* v. *Bean*, in this court, April General Term, 1850.

It is undoubtedly true that when a defendant has actually used his claim for damages by way of recoupment, and judgment thereon has been pronounced, the claim is barred and no action thereon can be sustained by him; and, on the other hand, when judgment has been pronounced in his own action therefor, he cannot use the claim by way of recoupment in the action brought against him. (See 3 Hill, 174, and note.) But it nowise follows that the pendency of the action prevents the use of the claim therein as a defence to a cross suit afterwards brought, and the plaintiff's counsel point us to no case in which it has been so held or intimated.

The principles governing the defence of set-off are, in this respect, distinctly applicable to the subject, and it was held, so early as in the time of Lord Mansfield, that the pendency of a prior action for a defendant's claim did not prevent his using it as a set-off—not even if his prior action had progressed to a verdict—*Busherville* v. *Brown*, 2 Burr, 1229—and see *Evans* v. *Prosser*, 3 T. R. 186, that it is no objection to a plea of set-off that the defendant has brought an action against the plaintiff for the same sum, not even although the plaintiff has paid the money into court in such former action. (See decisions in this country to the like effect; *Stroh* v. *Uhrich*, 1 Watts and Sergt. 57; *Bell* v. *Cogswell*, 1 Ashmead, 7).

It is not like the case of *Allaire* v. *Whitney*, 1 Hill, 486, in which it is held that an affirmance of a contract, by using the benefits secured thereby, is an election which forbids the party to afterwards declare it void. Here the defendants have uniformly and persistently claimed damages for the breach of contract; no waiver can be alleged against them.

Again it was distinctly held in this state, in *Lightbody* v. *Potter*, 10 Wend. 534, that a plaintiff in the Supreme Court may, before trial there, set off his claim against a demand of the defendant, prosecuted by the latter in a justice's court; in other words, the pendency of the action in the Supreme Court does not prevent the set-off.

This is in every principle a substantial decision of this appeal. The judgment should be reversed.

Judgment reversed.