Tilghman C. J.
The plaintiff’s declaration sets forth a claim for freight and demurrage. The jury, after being long out, and having declared to the court that they found great difficulty in coming to an agreement at length, brought in a verdict, as follows —“ We find for the plaintiff, and are of opi- ££ nion, that the plaintiff has already received, out of property ££ of the defendant, payment in full, for the amount of freight “ to which he is entitled.” This is certainly an extraordinary verdict and not easily to be understood. I agree that if there be substance, it is sufficient; the Court will mould it into form. But what did the jury intend ? Did they mean to find for the plaintiff generally, both as to freight and demurrage ? If so, the verdict is imperfect, because they have found no particular sum, nor have they said that the demur-rage has been paid. Perhaps they intended to find for the defendant as to the demurrage, and I think it most probable they did. But then why not find generally for the defend *369 ant? For if the plaintiff was entitled to freight only, and had received full payment for that freight, the verdict ought to have been for the defendant. There seems then to be some mystery in the business. The jury could not agree, and ’ appear to have come to a compromise among themselves.. When I consider this, and perceive that they have only given their opinion that the plaintiff has received payment for his freight, I am not satisfied that they unanimously intended to find absolutely for the defendant. An opinion is not a legal verdict. The finding must be positive. With all the inclination, therefore, which I feel to give effect to a verdict, after a full trial on the merits, I cannot say that the intention of the jury is expressed with sufficient certainty to authorise the court to enter judgment for the defendant. I am therefore of opinion, that there should be a new trial.
Yeates J.
It is the duty of the court to mould a verdict into legal form, where the intention of the jury is plain and clear. But this cannot be done in the present instance.
. The finding here is not only imperfect, but contradictory. The jury have found for the plaintiffs, but have ascertained no sum in damages : They declare merely their opinion, that the plaintiffs have received the amount of the freight, but are wholly silent as to the demurrage, which was one of the grounds of action. It is absolutely impossible to render judgment on this verdict. It must therefore be set aside, and a new trial awarded.
Brackenridge J. concurred.
New trial awarded.