## BEMUS vs. BEEKMAN.

In *replevin*, where a plea of *property* is interposed as well as a plea of *non cepit*, a verdict for the plaintiff upon the latter plea determines nothing between the parties except the taking, and the plaintiff is not entitled to recover unless the other issue be also found for him.

Where the jury found for the plaintiff on the plea of *non cepit*, but assessed no damages, and on the plea of property, found that it was not in the defendant, but did not find it in the plaintiff, *it was held* that the verdict was defective in substance, and that the court was not authorized to amend it by adding nominal damages to the finding of the jury.

Where a party to a writ of error dies after joinder in error, a judgment in error will be directed to be entered *nunc pro tunc* as of a time previous to the death.

ALBANY,
Dec. 1829.

Bemus
v.
Beekman.

ERROR from the supreme court. Beekman brought an action of *replevin* against Bemus for the taking of a quantity of rye. Bemus pleaded several pleas: 1. *Non cepit;* 2. Property in himself, traversing the property in Beekman; 3. Property in one W. McIntosh, with a similar traverse; and 4. Property in himself and the plaintiff as tenants in common, with a like traverse. To the three last pleas the plaintiff replied *precludi non* because the property was in himself, concluding to the country. The *postea*, as entered on the record, shewed that the jury found as to the *first* issue, that the defendant did *take* the rye in question, the goods and chattels of the plaintiff, in manner and form, &c.; as to the *second*, that the property was not in the defendant; as to the *third*, that the property was not in W. McIntosh; and as to the *fourth*, that the property was not in the defendant and the plaintiff as tenants in common; and they assessed the damages of the plaintiff over and above costs, &c. to six cents, and for those costs, &c. to six cents. From the minutes of the clerk of the circuit where the cause was tried, and from rules granted by the supreme court, copies of which were brought up by *certiorari* on the plaintiff in error, alleging diminution, it appeared that the jury found, " On plea first, the defendant took the property; on plea second, property was not defendant's; on plea third, property was not W. McIntosh's; on plea fourth, property was not plaintiff's and defendant's jointly, and six cents costs for the plaintiff;" that on the 23d March, 1827, the supreme court denied a motion for a new trial, and on the 2d May, 1827, granted a rule in these words: " The court having decided on the argument of the case made in this cause, that the verdict rendered might be amended by adding to the finding of the jury, " *with six cents damages for the plaintiff*," ordered, on motion of W. L. F. Warren, attorney for the plaintiff, that the said verdict be, and the same is hereby accordingly amended."

Thus much appears from the record. From the opinion of the supreme court, denying a motion for new trial, (see 7 Cowen, 30,) it appears, that that court considered that the taking was fully proved; that the jury were authorized, from the proofs in the cause, to find the property in the plaintiff;

that the verdict was informally entered ; that the circuit judge had permitted it to be amended by adding *six cents costs*, and as to the damages, had submitted the question to the supreme court whether to allow the amendment or not, upon wh'ch point they were of opinion that the plaintiff was entitled to recover damages for the *taking only ;* that no special damage being claimed or proved, the verdict ought to have been for nominal damages ; and as that was a matter of form and followed the finding of course, that the verdict might be amended by adding *six cents damages*.

The judgment was entered for *damages* and *costs* found by the jury, and for costs of increase. The defendant sued out a writ of error.

*J. Ellsworth & B. F. Butler*, for plaintiff in error. The verdict was imperfect, the jury not having answered to the whole issues committed to them, by which not only the taking was denied, but the property of the plaintiff was called in question. The jury therefore were bound to find not only the *taking* by the defendant, but *property in the plaintiff*. The taking was found, but property in the plaintiff was not found. The jury say the property was not the defendant's, nor McIntosh's, nor was it held in common by the plaintiff and defendant ; but they do not say that it was the property of the plaintiff, without which he could not recover. (1 Chitty's Pl. 159, 596, 597. Co. Litt. 227, a. 5 Comyn's Dig. tit. Pleader, sect. 19, 20. Andrews, 156. Strange, 1089. 7 Bacon's Abr. tit. Verdict, M. & Z. 4 Yeates, 295. 3 Pickering, 124. 1 Archb. Pr. 213, 189. 2 id. 242. 2 Wheaton, 225. 3 Barn. & Ald. 610. Lilly's Ent. 358. 21 Viner's Abr. tit. Trial, L. f. 2. 2 Dunlap's Pr. 656. 1 Serg. & Rawle, 369. Stephen on Pleading, 188, 210, 211, 212, 219. 1 Johns. R. 380. 11 id. 196.)

The verdict being defective in point of substance, the court had no authority to amend it. (Cro. Eliz. 766. Comyn's Dig. tit. Amendment. 1 Ld. Raym. 324. 2 Str. 1052. 10 Co. R. 119. 2 Wills. 367.)

*J. L. Viele*, for defendant in error. The omission of the jury to find the property in the plaintiff was mere matter of

form, and does not vitiate the judgment. They found the several matters set up by the defendant against him, passing upon each distinct plea; and though their verdict is not formally in the words of the issue, it cannot be doubted that the point in issue was determined by them. The court, therefore, had the right to put the verdict into proper form. (14 Johns. R. 86.) A writ of error will not lie for the amendment allowed by the court. (6 Cranch, 206.) But allowing the verdict to be defective, this court cannot for that cause reverse the judgment, the point not having been submitted to and passed upon by the supreme court. (*Colden* v. *Knickerbacker*, 2 Cowen, 31, 49.)

*Butler*, in reply. The plaintiff in error did apply to the supreme court, in the ordinary and usual mode, to set aside the verdict, and the question necessarily was before that court. The principle of the case of *Colden* v. *Knickerbacker* is, that no objection shall be urged here which the party may be deemed, by his silence, to have waived, and which, when waived, leaves the merits of the case to rest with the judgment; but it cannot preclude the party to urge an objection which goes to the very foundation of the judgment sought to be reversed, (16 Johns. R. 348.)

The following opinions were delivered:

By the Chancellor. The first question presented for our consideration in this case is, whether the supreme court had a right to amend the verdict of the jury by adding nominal damages thereto. From the opinion delivered by that court, it appears no special damage was proved or claimed at the trial. If the verdict as found by the jury can be considered a general verdict for the plaintiff in the court below on all the issues, nominal damages followed of course, and the judge at the circuit ought to have directed the verdict to be so entered. Being a defect in form merely, it would be the duty of the court to mould the verdict into legal form, so as to carry into effect the intention of the jury. If the verdict is good in substance, the court may amend any defect in form. (*Diekl* v. *Evans*, 1 Serg. & Rawle, 367.) Where there are some counts in a

declaration which are good and others bad, and a general ver-dict is given on all the counts, if it appears from the judge's notes that no evidence was given on the defective counts, it is every day's practice for the court to amend the verdict so as to apply it to the good counts only. (*Eddows* v. *Hopkins*, Doug. R. 361. *Stafford* v. *Green*, 1 Johns. R. 505.) There is no doubt that the verdict in this case was defective by rea-son of the neglect of the jury to assess the damages; but a defect of that kind may be aided by a release. (Bentham's case, 11 Coke's R. 56.) It porobably was necessary in this case to amend by adding nominal damages to enable the court to give costs, as the plaintiff is only entitled to costs where he recovers damages. (1 R. L. 343, sec. 1.)

But the plaintiff was not entitled to either damages or costs, unless all the issues were found in his favor ; and if the court have added nominal damages which the finding of the jury did not warrant, the amendment was unauthorized, and their judgment should be reversed. It therefore becomes neces-sary to look into the verdict actually found by the jury, to see whether it was such a finding as legally entitled the plain-tiff to damages. .

In examining this question, 1 lay out of view what is stated in the *postea* as to the property of the plaintiff. It is evident those words were added to the verdict on the first issue by the plaintiff's attorney, and without authority. If the find-ing of the jury is in favor of the plaintiff generally, as it was in this case on the first issue, his attorney has a right to put into the *postea* every thing necessary in point of form to make the verdict complete : but he has no right to add any thing which was not in fact found by the jury, and which could not have been legally enquired into on that issue. If he does, it is mere surplusage, and cannot aid a defective finding on oth-er issues. Under the issue of *non cepit*, the taking of the pro-perty is alone in question. (*M'Farland* v. *Barker*,1 Mass. R. 152.) And if the verdict on that issue is found for the de-fendant, he is not entitled to a return of the property. If the defendant means to contest the plaintiff's right to the proper-ty, he must deny it directly by a special plea or by a formal traverse, as was done by the three last pleas in this case.

ALBANY,
Dec. 1829.

Bemus
v.
Beekman.

Where a defendent in replevin pleads property in himself, with a formal traverse as to the plaintiff's right to the property, the allegation that it belongs to the defendant is called the inducement to the traverse, and issue cannot be taken on that allegation. (*Lady Chichesley* v. *Thomson*, Cro. Car. 104.) It is but a substitute for an avowry to obtain a return of the property. The replications in this case very properly took issue upon the only allegation in the special pleas which was traversable. The question presented for the jury to determine on all those issues was, whether the property replevied was the property of the plaintiff. The jury have found that the property did not belong to the defendant, or to M'Intosh, or the plaintiff and defendant jointly. But does it necessarily follow from this that it belonged to the plaintiff? This finding may be true, and yet the title might be in some person other than the plaintiff. And a verdict which finds the matter in issue only by argument and inference, is void. (5 Com. Dig. tit. Pleader L. 22.)

As this court have not the facts before them on which the jury found their verdict, it is impossible to say they intended to find that the property belonged to the plaintiff. Even if the evidence was set forth in the record and was sufficient to entitle the plaintiff to a verdict on all the issues, it is at least doubtful whether either the supreme court or this court could amend the verdict as to a matter of fact, which is of vital importance in the cause. Although the supreme court thought there was sufficient to authorize the jury to find property in the plaintiff, it is evident from the opinion which has been sent up here, that their attention was not directed to the fact that the jury had not so found. It appears the judge at the circuit thought otherwise ; and the defendant's counsel neglected to give evidence on that point, in consequence of an intimation from him that evidence on his part was unnecessary. The supreme court decided that the defendant was not precluded by the intimation of the judge from giving further evidence if his counsel considered it necessary. On this point the decision of the supreme court was technically correct. But as the defendant lost the benefit of his further testimony because his counsel defered to the opinion of the cir-

cuit judge, I think he is justified in availing himself of all legal objections to the verdict for the purpose of obtaining a new trial.

The conclusion to which I have arrived is, that the verdict of the jury was defective in substance, and did not entitle the plaintiff to even nominal damages. I am therefore of opinion that the adding of damages by way of amendment was unauthorized, and that a *venire de novo* should have been awarded. (*Hicks* v. *Keats*, 6 Dow. & Ry. 68.) I think the judgment of the supreme court should be reversed with costs, and that a *venire de novo* should be awarded by that court. And as one of the parties has died since the joinder in error here, the judgment of this court should be entered *nunc pro tunc* as of the term or session of this court previous to his death. (*Green* v. *Watson*, 6 Wheaton, 260.)

By Mr. Senator Benton. This court are called upon for its judgment upon the validity of the verdict in this case, and whether the same be amendable; the supreme court upon the argument of the case there having directed an amendment to be made, allowing the words " with six cents *damages* for the plaintiff" to be added to the verdict.

The plea of *non cepit*, in replevin, admits the property of the thing taken to be in the plaintiff in the action; and if the defendant means to dispute the question of property he must plead it specially; he will not be allowed to disprove the ownership under an issue which only denies the taking. (2 Phillips' Ev. 126. 1 Chitty's Pl. 159.) These authorities are unquestionable, and appear to me to establish clearly the materiality of the issue upon the second plea. In the case of *Harrison* v. *McIntosh*, (1 Johns. R. 384,) it was held that a " plea of property in a stranger was a good plea either in abatement or in bar, and entitled the party to a return without an avowry," and this for a good reason; a plaintiff has no right to retain the possession of property illegally taken from another by a replevin.

This court cannot determine what the jury were authorised to find, from the evidence given on the trial, nor is

Vol. III.  85

it material that this inquiry should be made here; if the verdict as delivered is for the plaintiff below on all the issues, the judgment must be affirmed.

Upon the issue on the second plea the jury found that the "property was not the defendant's:" but this, I apprehend, is not a sufficient finding by the jury that the " property was the plaintiff's;" the verdict may be true in point of fact and still it does not establish the right of the party to recover, because a stranger might be entitled to it. The authorities cited in Bacon's Abr. are numerous, and the rule deduced from them is, that " verdicts which do not find all that is in issue, or which vary from the issue, are in general bad;" and in 1 Archb. 189, it is said, " a verdict must comprehend the whole issue or issues submitted to the jury in the particular cause; otherwise the judgment founded on it may be reversed." Again, " a verdict is void which finds the matter so imperfectly that there does not appear a good title for the plaintiff." " It must find so much of the issue as maintains or avoids the bar."

In applying the doctrine contained in these authorities to the case under consideration, I do not perceive upon what grounds this verdict is to be sustained. All the issues most clearly are not found, and the verdict is variant. What title can be adjudged to the party by this finding? We can say that the defendant below has not title to the property in dispute, because the jury have so declared: but can judgment be pronounced upon a fact not found? The defendant in the court below is not entitled to judgment upon the verdict because the plea in bar is not maintained; and as the bar seems not to be avoided, neither party are entitled to judgment upon the verdict. I cannot perceive the difference between a verdict which does not find the whole of a single issue, but only a part, and one which does not find all of the several issues where it is necessary they should be found, to entitle a plaintiff to a judgment.

The case of *Miller* v. *Trets*, (1 Ld. Raym. 324,) was a case in error to the exchequer chamber in England. The verdict, which was the matter complained of, did not comprehend the whole issue, a part of the facts denied by the plea were not found, and it was held bad and the judgment

reversed, although preceding the proceedings in error an ap-plication was made for leave to amend. Upon what principle of law can courts assume to give judgment for a party in a cause, where an issue or issues have been joined without a proper verdict? A later case than those above referred to has arisen, in which the law upon the point presented by this case has been considered and elaborately discussed. The language of the decision in *Patterson* v. *The United States*, (2 Wheaton, 225,) is, that "the rule of law is precise. A verdict is bad if it varies *from* the issue in a substantial matter, or if it find only a part of that which is in issue. The reason of the rule is obvious, and results from the nature and end of pleading. It is the duty of the jury to decide the very point in issue." And the court in which this determination was had, in discussing the question then under consideration, proceed to remark farther: "It is true, that if the jury find the issue and something more, the latter part of the finding will be rejected as surplusage; but this rule does not apply to a case where the facts found in the verdict are substantially variant from those which are in issue." It may here be observed that the facts in the two cases are not precisely alike, but I apprehend they are enough so to make the reasoning, recognizing as it does the long established maxims of the common law, peculiarly applicable in this instance. It would seem not to be necessary to pursue the subject in relation to this part of the case any farther; and if I have not mistaken the character and effect of the finding of the jury, the verdict not only varies from the issue in a substantial matter, but in fact it finds only a part of that which is in issue. The issue under the second plea is a material and substantial issue, and, in my opinion, is not found by the verdict.

The supreme court, in the case of *Thompson* v. *Button*, (14 Johns. R. 86,) put the decision of the question raised for determination expressly upon the ground that the intention of the jury could not be mistaken, from the fact that they found the defendant guilty upon the general issue, which the court assumed would not have been done if he had made out a justification according to the avowry. There are cases in the

ALBANY,
Dec. 1829.

Beemus
v.
Beekman.

books in which the court have corrected the form of the ver-
dict in respect to second and subsequent issues, which have
become immaterial in consequence of the jury having found
substantially and formally other issues in the cause; but this
never has been, and could not be done where the issue, not
found at all or defectively found, would determine the rights
of the parties. A verdict for the plaintiff upon the plea of
*non cepit,* determines no question between the parties where
a plea of property is interposed, except the taking, and this
results from the peculiar character of this action and the sit-
uation of the parties. Assuming that the verdict was defec-
tive and bad, it follows the court had no power over it, nor
any right to allow the amendment. In this view of the case,
and upon an examination of all the cases having any bearing
upon the preliminary question interposed by the counsel for
the defendant in error, I do not perceive that the objection
taken can be sustained. From the language of the opinion
and the amendment allowed, I think it fairly inferible that
the second point was raised and discussed in the supreme
court. Entertaining no doubts upon the question presented
in this cause, I am of opinion that the verdict is bad and not
amendable, and the judgment thereon erroneous, and that it
should be reversed with directions to the court below to
award a *venire de novo.*

And this being the unanimous opinion of the court, the
judgment of the supreme court was thereupon reversed with
costs, and a *venire de novo* was directed to be awarded.

[Remainder of the cases in the court of errors in the next volume.]