NEW-YORK,
May, 1834.

Sprague
v.
Kneeland.

Judgment for plaintiffs, with leave to defendants to amend on payment of costs.

---

SPRAGUE & CARY *vs.* KNEELAND.

In *replevin*, where there is a plea of *property* as well as the plea of *non cepit*, and the jury find only the *taking*, and assess damages for the plaintiff, leaving the issue upon the plea of property undisposed of, a *venire de novo* will be awarded.

Where one constable seizes property under an *attachment* issued by a justice, and another constable levies upon the same property by virtue of an *execution* in the attachment suit, the possession of the two officers is sufficiently simultaneous to subject them to an action as *joint trespassers;* and consequently *replevin* lies against them *jointly.*

The declarations of the vendor of a chattel, made subsequent to the sale, are not admissible in evidence to affect the title of the purchaser.

ERROR from the Broome common pleas. Kneeland sued Sprague and Carey in *replevin,* for taking a horse. The de-

NEW-YORK,
May, 1834.

Sprague
v.
Kneeland.

fendants pleaded separately. *Sprague* pleaded, 1. *Non cepit;* 2. That as a constable, he took the horse by virtue of an *attachment,* issued by a justice of the peace at the suit of L. Dimmick and C. W. Sanford against the goods, &c. of H. K. Saunders; that the horse was the property of Saunders, *traversing* the property to be in the plaintiff; 3. A similar plea to the second, except that instead of alleging the property to be in Saunders, with a traverse as above, the defendant alleged that the property had for a long time been in Saunders, and that he, with intent to defraud his creditors, sold and transferred the horse to the plaintiff, charging the plaintiff with notice, by which fraudulent act the horse remained subject to seizure under the attachment; and 4. That the property of the horse was in Saunders, with a traverse as to the property being in the plaintiff. *Cary,* pleaded, 1. *Non cepit:* 2. That he as a constable, took the horse by virtue of an *execution* in favor of Dimmick and Sanford against Saunders; that the horse was the property of Saunders, traversing the property to be in the plaintiff; and that Saunders, with intent to defraud his creditors, had sold and transferred the horse to the plaintiff, who took the same with the notice, whereby the horse remained liable to seizure under the execution; and 3. That the property of the horse was in Saunders, with a traverse as to the property being in the plaintiff. On these several pleas issues were taken, and the cause was tried. The plaintiff proved that in the spring of 1830, he left a horse in the keeping of one Squires, telling Squires that he had bought the horse of Saunders; that soon thereafter, *Sprague,* one of the defendants, levied upon the horse by virtue of an *attachment,* in favor of Dimmick and Sanford. Squires kept the horse 14 or 15 days. Subsequent to the seizure by Sprague, under the attachment, *Cary,* by virtue of an *execution* in the suit of Dimmick and Sanford, in the attachment cause, levied on the horse. Squires testified that he did not recollect that *Sprague* and *Cary* were at his house at the same time, in respect to the seizure or levy of the horse. On this evidence, the defendants' counsel insisted that the plaintiff could not maintain his action against the defendants *jointly,* and prayed the court to decide that the plaintiff could proceed

against only *one* of them, and to direct him to elect against

which of them he would proceed. The court decided that the evidence was sufficient to maintain the action against the defendants *jointly,* and that the plaintiff was not bound to *elect,* &c. The defendants then adduced proof to establish the fact that the transfer of the horse from Saunders to the plaintiff was fraudulent, and offered to prove declarations by Saunders *subsequent* to the sale to the plaintiff, showing the intent of the transfer. This evidence being objected to, was excluded by the court. The defendants then, after some further evidence in support of the allegation of fraud, renewed their previous offer, which was again rejected. The jury found a verdict for the plaintiff. The defendants sued out a writ of error. In the record of judgment, it was stated that the jury found that the defendants took and unjustly detained a certain horse of the plaintiff's in *modo et forma, &c. ;* and that they assessed the damages of the plaintiff, by reason of the taking and unjustly detaining of the horse, to *six dollars,* besides his costs, &c.

*J. A. Collier,* for plaintiffs in error.

*M. T. Reynolds,* for defendant in error.

*By the Court,* Savage, Ch. J. The first question in this cases arises upon the record. The jury have found but one issue for the plaintiff, and that upon the pleas of *non cepit.* I cannot distinguish this case from *Bemus* v. *Beekman,* 3 Wendell, 667. It was there determined that in *replevin,* where a plea of property is interposed as well as a plea of *non cepit,* a verdict for the plaintiff upon *non cepit* determines nothing except the taking, and does not entitle the plaintiff to damages, unless the other issues are found for him. In that case the jury did not find damages, and this court amended the verdict by adding nominal damages; but the court for the correction of errors held that that did not cure the irregularity. This verdict stands precisely as that did after it was amended; that is, damages and costs are awarded upon a verdict on the plea of *non cepit,* leaving the issues upon the justifications undecided.

NEW YORK,    Had the verdict been for the plaintiff generally on all the is-
May, 1834.  sues, then the attorney would have had the right to put it in
Sprague     form, but the jury must in such case find all the issues in favor
v.          of the plaintiff, or enough of them to authorize damages in his
Kneeland.   favor.   Senator Benton remarks, that upon such a finding, nei-
ther party is entitled to judgment.   If the pleas in bar be true,
the present finding is not inconsistent with them, and the de-
fendants may be entitled to judgment.   The issues upon those
pleas cannot be considered immaterial.   The case already re-
ferred to decides that this is an irregularity which is not amend-
able, and of course, for this cause, the judgment below must
be reversed and a *venire de novo* awarded.

As to the points actually decided by the court, I am inclin-
ed to think they were right.   It is undoubtedly true, that if a
plaintiff joins several defendants in trespass, he must prove a
joint trespass.   If the plaintiff in this case did not prove a
joint trespass, he must fail.   But, on the supposition that there
was no justification, he did prove a joint trespass.   In the first
place, Sprague took the horse, and he remained in his posses-
sion until he passed, by Sprague's consent, into the possession
of Cary.   It makes no difference that they were not both to-
gether at the instant of mutual possession, or what is equiva-
lent; Sprague was a trespasser when he took the horse, and
continued to be a trespasser until Cary became a trespasser,
if not after.   It will not do for these defendants to excuse them-
selves, as to the possession of the horse, by one saying, "I have
not got him," and the other, "I did not take him."   They both
had him, one by delivery from the other; their possession was
therefore sufficiently simultaneous to constitute them joint tres-
passers.

That the declarations of a former owner of personal pro-
perty cannot be given in evidence to affect the title of the suc-
ceeding owner, where such declarations were made after he
had parted with his interest in the chattel has been decided in
several cases.   *Hurd* v. *West*, 7 Cowen, 752.   8 Wendell,
490.

Judgment reversed, with costs; *venire de novo* to be award-
ed by Broome common pleas.