## DONALDSON V. JOHNSON et al.

1. CHATTEL MORTGAGE.—Under the statute providing for filing chattel mortgages, the filing of a chattel mortgage in the town clerk's office is made equivalent in law to an actual change of possession of the mortgaged property from the mortgagor to the mortgagee, so far as the preservation of the rights of the mortgagee against third parties is concerned. *Cotton v. Marsh*, 3 Wis. 221.

2. EVIDENCE—DECLARATIONS OF MORTGAGOR.—The declarations of a mortgagor made while in actual possession of mortgaged chattels, but after the filing of the mortgage, though on the day it was executed, are not admissible to impeach the title of the mortgagee, although they were at the time selling the goods, and applying the proceeds to their own use.*

3. REPLEVIN—VERDICT.—In an action of replevin in the *detinet*, a general verdict for the defendants, but not finding specifically upon the title to the property, or the question of its detention, is not sufficient to sustain a judgment; and after the entry of judgment it is too late to correct these defects.

(2 *Chand.* 160.)

ERROR to the Circuit Court of *Washington* County.

This was an action of replevin, brought by the plaintiff against the defendants. The declaration charged the *receiving* and detention of a quantity of merchandise, which they refused to deliver to the plaintiffs below.

The defendant denied the taking, and gave a special notice of justification as respects the taking and detention of the goods, to wit: that the defendant *Johnson* took the goods under and by virtue of an attachment, he being sheriff of the county of Washington, and justified such taking and detention upon the basis that the title in such goods was not in the plaintiff below.

On the trial, various exceptions were taken by the plaintiffs in error to the proofs offered and given by the parties, plaintiff and defendant, none of which need be stated here, except such as were considered by the court as being material, and are noticed in the opinion. It was proved that William H. Lord, Daniel Baylis and William Daggett, constituted a mer-

cantile firm at Port Washington, and which firm was, or claimed to be, indebted to the plaintiff in a large sum of money; that to secure the sum so claimed, *Donaldson*, the plaintiff, by his agent, who was acting in securing his debt, took from the said firm a chattel mortgage, for securing such demand; the defendants other than *Johnson* having taken the goods in store and keeping for *Johnson*.

The defendants gave in evidence four writs of attachment, which were levied upon the goods in question, and detained, and which formed the basis of the defense. The giving in evidence these attachments was objected to by the plaintiff, but the court admitted the evidence. The defendants also offered in evidence several other chattel mortgages, executed on the same day of the mortgage to the plaintiff by the firm of Lord & Co., to secure other debts against said firm.

The declarations of one or more of the firm of Lord & Co., were offered in evidence, whereby it was proved that Bayliss, one of said firm, had at various times made declarations in regard to the execution of the mortgage to the plaintiff, tending to show fraud in its execution, which evidence was objected to, but overruled by the court, and the evidence was given. These declarations appeared to have been made subsequent to the execution of the mortgage, and after the same was deposited with the proper officer to be recorded, and in the absence of the mortgagee. Various other evidence was given on the trial of the part of the defendants, which it was claimed showed fraud on the part of Lord & Co., in the execution of the mortgage to the plaintiff. Such evidence was objected to, but admitted by the court.

The jury found for the defendants, and assessed the damages for the detention of the property at six cents, and found the value of the property replevied to be $1,918.49, and upon this verdict the court ordered a general verdict to be entered in favor of the defendants. Judgment was given for defendants.

*C. James & H. S. Orton,* for the plaintiff in error.

1. The notice of defendants was insufficient to admit in evidence the said attachments against Lord, Bayliss and Daggett, in justification of the officer, or the said *Solon Johnson,* one of said defendants, or for any other purpose whatever.  3 Stephens' N. P. 2647 ; Gould on Plead. ch. 3, §§ 1, 166–9 ; 6 Wend. 438 ; 12 id. 473 ; 8 id. 570 ; 6 Hill, 277 ; 1 Dana, 578 ; 1 Mass. 153 ; 4 J. J. Marshall, 254 ; 11 Johns. 132 ; 13 id. 475 ; 17 id. 320.

2. Other mortgages of the same date, and to secure the same debt as the one in question, and upon other property than that described in the writ, ought not to have been introduced in evidence for the reason that it was immaterial and irrelevant, and did not show, or tend to show fraud in the conveyance in question.   1 Conn. 393 ; 10 id. 280.

3. The statements of Lord, Bayliss and Daggett, or either of them, after the execution of the mortgage to the plaintiff in error, ought not to have been received in evidence to prove, or as tending to prove fraud in the execution of the mortgage, or to prejudice in any manner the right of the mortgagee *Donaldson.*   1 Mass. 165 ; 12 Pick. 98 ; 14 Mass. 245 ; 10 Conn. 60 ; 6 Vt. 325 ; 2 Cow. & Hill's Notes, 654 ; 5 Johns. 412 ; 12 Wend. 161 ; 5 Term. 412 ; 1 Greenl. Ev. 212 ; 1 Stark. 60 ; 4 Mass. 709.

4. The statements of Daggett, one of the mortgagors, in relation to the value of the property mortgaged to *Donaldson,* ought not to have been admitted in evidence, for the reason that Daggett was a competent witness in the case.   15 Johns. 493 ; 12 Pick. 89.

5. The court ought not to have charged the jury as matter of law, that the secrecy of the transaction might properly be taken into consideration by the jury with other circumstances, to show the character of the transaction, for the reason it had nothing to do with the character of the transaction.   16 Pick. 556, 462.

6. The refusal of the court to instruct the jury, "that if the jury found that the mortgage was upon a good consideration, and was not taken by *Donaldson* with intent to defraud, hinder, or delay the creditors of Wm. H. Lord & Co., that the plaintiff ought to recover, and that unless they found *Donaldson* guilty of taking the mortgage with intent to defraud, hinder or delay the creditors of Wm. H. Lord & Co., that then the plaintiff was entitled to recover." 14 Mass. 245 ; 3 Met. 99 ; 17 Pick. 453 ; 9 Conn. 135.

7. The judgment of the court upon the verdict of the jury was error. 12 Wend. 161; 12 id. 31; 13 id. 425; 6 Hill. 277, 613; 5 Denio, 21; 7 Hammond (2d part), 232.

*Smith & Palmer*, for the defendants in error, contended that a mortgage on personal property, unaccompanied by possession, is presumed to be fraudulent and void. 17 Wend. 54–56 ; id. 181. It is not sufficient that the retention of possession was for the mortgagor's accommodation, for the purpose of carrying on his vocation. *Gardiner v. Adams*, 12 Wend. 297 ; *Doane v. Eddy*, 16 id. 223 ; or the better to enable the mortgagor to pay his mortgage debt, *Beekman v. Bond*, 19 id. 444. Where a mortgage is taken upon a stock of goods, which are suffered to remain in the possession of the mortgagor, to be sold at retail or wholesale, as other merchandize ; such mortgage is fraudulent and void as against creditors. *Wood v. Lowrey*, 17 Wend. 492. A mortgage of hay and grain and produce to secure a debt, the mortgagor to remain in possession and use and consume them, is fraudulent. *Robins v. Parker*, 3 Met. 117. If a mortgage containing articles consumable in their use, stipulate or it permits the mortgagor to remain in possession and use them, the conveyance is fraudulent as to creditors. *Charlton v. Lay*, 5 Humph. 496 ; Smith's Lead. Cas. 34–74, and the authorities there cited ; see *Peck v. Carmichael*, 9 Yerg. 325.

The declarations of Bayliss, or either of the firm of Lord & Co., made at or about the time of the mortgage, are admis-

sible against them and those claiming under them. 1 Cow. & Hill's notes, 650, 651, 652 ; 1 Greenl. 133, 134, 135 ; id. 244–601–603. And are admissible to show fraud in the vendor even after sale. Cow. & Hill, 1 part 653, and authorities there cited ; *Wills v. Farley*, 3 Carr & Payne, 395 ; Cow. & Hill, 178, and authorities there cited. Testimony in regard to other conveyances of property, at or about the same time, was admissible. 1 Cow. & Hill's notes 452–465. They are part of the *res gestae*, and their admission rests in the sound discretion of the court. 1 Greenl. on Evidence, 133 ; *Rawson v. Haight*, 2 Bing. 104 ; 9 id. 349–352 ; 4 Pick. 379 ; 11 id. 309.

Larrabee, J. This cause was tried before me at the last term of the Washington county circuit court. The principal ground of error is the permitting the declarations of one of the mortgagors, Bayliss, to be given in evidence to the jury, to show fraud in the execution of the chattel mortgage to *Donaldson.* I decided that these declarations should be received, because they were shown to have been made while the mortgagors remained in possession of the property, and upon the same day that the mortgage was executed. But I am now satisfied that my decision was wrong, and concur with my brethern that the judgment should be reversed. It appears pretty plainly that Bayliss made these declarations subsequent to the delivery of the mortgages (for there were several of them) to the town clerk to be filed ; and this filing our statute makes equivalent to an actual change of possession. If, then, there had been a change of the possession, would the statements of any one or all the mortgagors have been received to show fraud in the transaction ? Certainly not. The authorities are nearly all the other way, and it is now too well settled to be questioned. The declarations of a former owner cannot be received to affect the title of a succeeding owner, where such declarations are made after the former

Donaldson vs. Johnson et al.

owner has parted with his interest. *Hurd v. West*, 7 Cow. 752 ; *Sprague v. Kneeland*, 12 Wend. 161 ; 14 Mass. 245.

It was contended, however, by the counsel for the defendants in error, as the mortgagors remained in possession of the property, using and selling the same, and applying the proceeds to their own use, that their declarations, made under such circumstances, were properly admitted to show the character of the original transaction. Were this a case of first impressions, this position would, in my mind, admit of no question ; but the authorities are now the other way. But this question aside, there is another difficulty apparent on the record, which is insuperable. The verdict does not warrant the judgment. By the pleadings, two issues were made. 1. The *detention* of the property, and 2, the *title* to it. There was a general verdict for the defendants, not in form a finding upon these issues, and though it was probably enough to have warranted the court in putting the verdict in proper form, yet as no application was made by the defendants for this purpose, but they chose to enter up their judgment on the verdict such as it was, it is now too late to correct it. *Sprague v. Kneeland*, 12 Wend. 161 ; *Rogers v. Arnold*, id. 30.

For these reasons the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

Judgment reversed.

---

* See *Grant v. Lewis*, 14 Wis. 487, where similar questions were before the court and considered. If the mortgagors remaining in possession had an agreement or understanding, either verbal or written, with the mortgagee, authorizing them *to apply the proceeds of sales to their own use and benefit*, it is presumed the ruling in the case would have been in favor of the admission of the declaration. Such an agreement, whether incorporated in the mortgage or existing by parol, would, it seems, render the mortgage fraudulent as against the creditors of the mortgagor. *Ford v. Williams*, 13 N. Y. 577 ; *Conkling v. Shelley*, 28 id. 360. But an agreement that the mortgagor shall remain in possession and sell the property for cash only, and for the exclusive use of the mortgagee is not necessarily fraudulent. *Miller v. Lockwood*, 32 id. 293.

In the case of *Donaldson v. Johnson, supra*, there was nothing to show but that the acts of the mortgagors, in selling and using the proceeds, were wrongful as against the mortgagees. There was no evidence in the record to show his consent to the sale and appropriation mentioned. See, also, *Place v. Langworthy*, 13 Wis. 629.