January Term, 1861.

EVERIT
v.
WALWORTH
Co. BANK.

---

## EVERIT vs. THE WALWORTH COUNTY BANK.

Where in an action to recover possession of personal property, it was taken by the officer and delivered to the plaintiff on a proper undertaking, and on the trial the jury found for the plaintiff, and found the value of the property, it was erroneous to enter a judgment against the defendant for the value, with damages and costs. The judgment should have been for the "possession," with damages and costs.

Where a complaint to recover personal property avers title in the plaintiff and a wrongful taking by the defendant, and the answer admits the taking, but

13 419
89 150

January Term,
1861.

EVERIT
v.
WALWORTH
Co. BANK.

justifies it under an execution or attachment against a third party, alleging the title to be in such third party and not in the plaintiff, the only issue presented is as to the right of property. Such pleadings present no issue as to the right of possession as separate from the right of property.

Where there is but one issue made by the pleadings, which is as to the title to the property, if the jury say they "find for the plaintiff," and find the value and assess the damages, such finding is sufficient. It must be construed as meaning that they find the issue submitted to them for the plaintiff.

Verdicts should be favorably construed with reference to the pleadings; and if, when so construed, the court can see that the jury decides every question necessary to be decided by them, that is sufficient in substance.

Where a judgment is reversed merely because it was not properly entered upon the verdict, but the verdict is sufficient to warrant a proper judgment, a new trial will not be ordered, but the cause will be remanded with directions to enter such judgment as ought to have been entered.

The case of *Smith vs. Phelps*, 7 Wis., 211, so far as it decides upon the sufficiency of the verdict, overruled.

ERROR to the Circuit Court for *Racine* County.

The case is stated in the opinion of the court.

*Lyon & Adams* and *Sanders & Ladd*, for plaintiff in error, relied upon the decision in *Smith vs. Phelps*, 7 Wis., 211.

*Barns & Allen* and *A. W. Farr*, for the defendants in error, cited as to the verdict, R. S., p. 753, sec. 11; How. Code, 380, sec. 261, note; *Archer vs. Boudinet*, 1 Code Rep. N. S., 372; and as to the judgment, R. S. p. 757, sec. 31; How. Code, 410, sec. 277, note; *Fitzhugh vs. Wiman*, 5 Seld., 559.

April 10.    *By the Court*, PAINE, J. There is no doubt that the judgment in this case must be reversed. It was an action to recover possession of personal property which was replevied and delivered to the plaintiff upon an undertaking given in pursuance of the statute. The verdict was for the plaintiff, and the jury found the value of the property and assessed the damages. The judgment was entered for the value, damages and costs. The effect of this, if allowed to stand, would be to give the plaintiff the property and its value. It must therefore be reversed.

But we have had some doubt whether we should order a new trial, or remand the cause with directions to enter a proper judgment on the verdict. And this depends on the question whether the verdict is itself sufficient to sustain a judgment. The complaint averred that the plaintiff was the owner and entitled to the possession of the property, and that

January Term, 1861.

EVERIT
v.
WALWORTH
CO. BANK.

it was wrongfully taken by the defendant. The answer admits the taking, and justifies it under executions and attachments against the Racine and Mississippi R. R. Co., averring that the property belonged to said railroad company and not to the plaintiff. The verdict was as follows: " The jury find for the plaintiff; they find the value of the property in question to be $600, and assess its damages at the sum of six cents." We have come to the conclusion that, upon the pleadings, this verdict is sufficient to warrant a judgment. The only question in issue was, whether the property belonged to the plaintiff or to the Racine & Mississippi R. R. Co. The jury said they found for the plaintiff. Now what did they find? Certainly where there is only one issue they must have found that. The verdict could be referred to nothing else. Every verdict must be construed with reference to the issues tried. If it disposes of all the questions necessary to be disposed of, with sufficient certainty to be understood when construed with reference to the pleadings, that is all that should be required. Verdicts are to be favorably construed, and if sufficiently certain upon matters of substance, though informal, the court will mould them into form. *Porter vs. Rummery*, 10 Mass., 71; *Picket vs. Richet*, 2 Bibb, 178; *Crozier vs. Gano*, 1 id., 257. There can be no question that the verdict must dispose of all the issues, and if special it must find every fact in issue essential to support the judgment. This has often been decided by this court. *Heeren vs. Beckwith*, 1 Wis., 17; *Bates vs. Wilbur*, 10 id., 415. But that is not the question here. This verdict finds the value of the property and assesses the damages, and no question is made as to its sufficiency in those respects. The exact point here is, where there is one issue, whether the right of property is in the plaintiff or in a judgment debtor of the party who has seized it, and the jury say they find for the plaintiff, whether that is sufficient. If it is to be construed as meaning that they found the title to the property to be in the plaintiff, then it clearly would be sufficient; because that, upon the pleadings, would determine everything against the defendant. He admitted the taking. He set up nothing to show that there might be a right to the pos-

session in him, although the plaintiff was the general owner. On the contrary his whole right depended on the want of title in the plaintiff. If the jury found the title in the plaintiff, that, upon the pleadings, disposed of the right of possession, and everything necessary to be found by the verdict. But we think the verdict must be construed as meaning just what it would, if it had said, the jury found the title to the property to be in the plaintiff. There being but one question in issue, and the verdict being construed with reference to that question, it could not mean anything else. And this is a greater degree of certainty than was required in the verdict in many of the established forms of action under the old system of pleading, or even in criminal cases. In all actions of tort, even where the complaint contained several counts, if they were all good, a general verdict of "guilty," assessing the damages, was good. So a general verdict of "not guilty" was good. So in actions *ex contractu*, where the declaration contained several counts, if they were all good, a general verdict for the plaintiff, assessing the damages, was sufficient. The same is true of a verdict on a criminal indictment. Now this can be true only upon the theory that the verdict is to be applied to the issues, and to be construed as relating to them. And it would seem to warrant the conclusion that even where there are several issues in an action for the recovery of personal property, a general verdict, either for the plaintiff or the defendant, assessing the value and the damages where necessary, would be sufficient. Such a finding, unrestricted by the jury, would mean that they found all the issues tried in favor of the party named. But without determining that question, we certainly think it sufficient where but one issue is tried; for it is then impossible to give it any other construction. We think the statute evidently contemplates that such a finding would be sufficient. It speaks of the jury's finding in favor of the plaintiff, and finding in favor of the defendant. R. S. 1858, chap. 132, secs. 10, 11. If that is intelligible in the statute, why not in the verdict? The following authorities may be referred to, to sustain our conclusion, in addition to those already cited. *Worford vs. Isbel*, 1 Bibb, 247 ; *Hocker vs. Da-*

*vis*, 2 Monr., 121; *Harris vs. Tiffany & Co.*, 8 B. Monr., 227;
*Hardy vs. DeLeon*, 5 Tex., 246; *Smith vs. Johnson*, 8 id.,
424; *Stout vs. Culver*, 6 Mo., 256. In *Warner vs. Aughen-*
*baugh*, 15 S. & R., 9, the verdict as stated was like this, and
the judgment was sustained.    *Thompson vs. Button*, 14
John., 86.

There are of course many cases holding that where there
are two or more issues, and the jury limit their finding to
one, that is not sufficient.    Such are the following : *Bemus
vs. Beekman*, 3 Wend., 667; *Sprague vs. Kneeland*, 12 id.,
163; *Boynton vs. Page*, 13 id., 431.    But those decisions do
not reach the question.    They decide that a verdict dispos-
ing of a part of the issues only is not sufficient.    But they
do not decide that a verdict passing upon any issue generally
in favor of the one party or the other, is not sufficient to dis-
pose of it.    On the contrary, the court, in those cases (3
Wend., 671; 8 id., 164), say that if the verdict had been for
the plaintiff generally, it would have been sufficient.

I have thus referred to the authorities at some length, for
the reason that our present conclusion may be somewhat at
variance with some former intimations of this court.    In
*Donaldson vs. Johnson*, 2 Chand., 160, there were two issues,
and a general verdict for the defendants.    The court hold
that it was not sufficient in point of form, though they say
it would have been " enough to warrant the court below to
put it in proper form."    And because that was not done in
the court below, they said it was then too late to correct it.
They refer to the case just cited in 12 Wend.    But that case
does not sustain the position that a judgment should be re-
versed for a mere formal defect in a verdict, while the ap-
pellate court concedes it to be substantially sufficient.    On
the contrary, the judgment in that case was reversed because
the verdict was defective in substance in not disposing of all
the issues at all.    And it is very certain that under the law
as it now is, a judgment ought not to be reversed for such
a defect of form in the verdict.    R. S. 1858, chap. 125, sec.
60 ; *Warren vs. Gordon*, 10 Wis., 499.

In the case of *Smith vs. Phelps*, 7 Wis, 211, the judgment
was properly reversed for several reasons.    But it must be

conceded that the court state, as one reason for reversing the judgment, that the verdict, which was substantially like this, was insufficient. The court seem to have assumed that there were two issues. But we think this was inaccurate, and that there was nothing in that case raising any distinct issue as to the right of possession, separate from the right of property. If the jury found that the plaintiff had the title, the right of possession followed in that case as in this. We think the only issue in either, was as to the title to the property. And when the jury said they "decided for the plaintiff," fixing the value and the damages, we cannot see why, by all the rules applicable to the construction of verdicts, that should not be held to mean that they "decided" or found that issue for the plaintiff. If the finding of the jury is to be referred at all to the issue, it could mean no more nor less than that. The point seems not to have been very fully considered in that case, and so far as it is in conflict with the conclusions already stated, we have decided not to follow it hereafter. The question is one of considerable importance, as jurors are not lawyers, and generally bring in their verdicts in a general form. If the court, by applying their language to the issues, can see that they intended to decide every question necessary to be decided, in favor of the one party or the other, that is all that is essential.

We do not think, therefore, that there should be any new trial; but the verdict being sufficient to warrant a judgment, the circuit court should, when the cause is remanded, enter such a judgment as the plaintiff was entitled to; that is, for the possession and damages and costs.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.