January Term,
1861.

FITZER and another vs. McCANNAN.

FITZER et al.,
v.
McCANNAN.
14   63
74  198

A general verdict must be understood as a decision by the jury in favor of the party for whom it is found, of all questions put in issue by the pleadings.

If a plaintiff brings his action to recover the possession of personal property in the circuit court, and his damages are assessed at less than $50, he can recover no more costs than damages, unless he also recover property the value of which, with the damages, amounts to $50, in which case he is allowed full costs by subdiision 4, of section 38, chapter 133, R. S.

ERROR to the Circuit Court for *Walworth* County.

*McCannan* brought an action against *Fitzer* and *Lawson*, to recover the possession of a horse alleged to be the property of the plaintiff, of the value of $90, and to be wrongfully detained by the defendants. At the time of issuing the summons, the plaintiff entitled himself to and obtained possession of the property. The answer denied every allegation of the complaint; and also alleged that *Lawson* was, at the time when, &c., part owner of the horse, and that *Fitzer*, as a constable, had levied on his interest in the horse, by virtue of an execution, &c. The verdict of the jury was as follows: "We find for the plaintiff, and assess the value of the property taken at the sum of ninety dollars; that the said plaintiff is entitled to the possession of the same, and assess the damages for the detention thereof at six cents." Judgment, that the plaintiff have possession of the property, &c., and that he recover from the defendants six cents damages, together with $92.50 as costs and disbursements.

*Spooner & Kellam* (with whom were *Barnes & Allen*), for plaintiffs in error, contended that the ownership of the property, though put in issue by the pleadings, was not passed upon by the verdict, which was therefore too defective to support the judgment (*Smith vs. Phelps*, 7 Wis., 211); and that the suit having been brought in the circuit court when it might have been brought before a justice, the plaintiff be low was not entitled to costs. R. S., chap. 133, sec. 33 ; *Hoodless vs. Brundage*, 8 How. Pr. R., 263 ; *Matteson vs. Bloomfield*, 10 Wend., 555.

*R. R. Menzie*, for defendant in error, argued that the gen-

January Term, 1861.

FITZER et al.
v.
McCANNAN.

eral denial in the answer was analogous to the plea of *non cepit* in the old action of replevin, and simply put in issue the unlawful taking, and the defendant *Lawson* would not have been entitled under it, if the verdict had been in his favor, to a return of the goods. 1 Chitty's Pl., 490; 1 Saunders' Pl., 374, note 1; 1 Strange, 507; 4 Wend., 217; 12 id., 286, 589; 15 id., 324; 20 id., 671; 21 id., 205; 1 Mass., 153. 2. In actions like this a general verdict is proper, when there has been a delivery of the property to the plaintiff and the answer does not claim a re-delivery. *Archer vs. Boudinet*, 1 N. Y. Code R. (N. S.), 372; Voorhies' Code, 4th Ed., 369; R. S., chap. 132, sec. 11. 3. The plaintiff below was entitled to costs under subdivision 4, sec. 38, chap. 133, R. S.

May 22.          *By the Court*, DIXON, C. J. The case of *Everit vs. Walworth County Bank*, determined at the present term of this court [13 Wis., 419], is decisive of the first point made by the plaintiff in error. A general verdict, by which the jury find generally for one party or the other, must be construed with reference to the pleadings, and understood as a decision by the jury, of all questions presented by the issue, in favor of the party named. In the present case the finding for the plaintiff must be so construed. The title of the property must have been passed upon, and the verdict is in effect the same as if the jury had found specially that the plaintiff was the owner.

As to costs, the judgment is clearly correct. The plaintiff below, now the defendant in error, was entitled to full costs. So much of subdivision 4 of sec. 38, chap. 133 of the Revised Statutes, as relates to costs in actions to recover the possession of personal property, constitutes an exception to the general rule prescribed by subdivision 2 of the same section in relation to the same class of actions. By subdivision 4, if the plaintiff in such actions recover less than $50 damages, he shall recover no more costs than damages unless he also recover property the value of which, with the damages, amounts to $50, in which case he, of course, recovers full costs. The value of the property here, as de-

termined by the jury in accordance with the same section, was $90, so that it leaves no question as to the plaintiff's right to full costs.

Judgment affirmed.