GRANT vs. LEWIS and another.

It is a general rule that the declarations of a vendor, made after he has parted with his title, are not admissible in evidence to affect the title of the vendee.

But where the vendor remains in the *actual possession* of the goods, his statements explanatory of such possession and of the relation which he then holds to the property, are admissible as original evidence, for the purpose of showing fraud in the sale, if they have that tendency.

Where the vendor of goods retains possession of them as the *agent* of the *vendee*, there is not such an "actual" change of possession as the statute requires, to prevent the presumption that the sale was fraudulent as against creditors; and the burden rests upon the vendee in such a case, of proving that the sale was made without any intent to defraud creditors.

In a sale of goods to a party who held a claim against the vendor, an arrangement that the latter should have the privilege of reclaiming the goods on payment of the amount of such claim, would create a trust for the benefit of the vendor and render the sale void as to creditors, if the value of the goods exceeded the amount of such claim.

If the value of the goods did not exceed the amount of the vendee's claim, it is doubtful whether the reservation of a right to buy them back at their full value would make the sale void as to creditors.

Where a vendor retains possession of the goods sold, nominally as the agent of the vendee, but with the right to sell and have all he can make beyond the actual cost of the goods, such a reservation of interest in him is utterly inconsistent with good faith in the sale, as against his creditors.

June Term,
1861.

GRANT
v.
LEWIS et al.

APPEAL from the Circuit Court for *Crawford* County.

The nature of this action is stated in the opinion of the court. The following are the instructions given by the court to the jury, to which exceptions were taken by the defendants. "1. That the several matters given in evidence on the part of the defendants were not sufficient in law to bar the plaintiff of his action. 2. That if the jury believed from the evidence that the plaintiff, at or about the time he purchased of Ammon the goods and and chattels in controversy, made an arrangement with said Ammon whereby the latter was to have the privilege of selling said goods and chattels as agent, and reserve to himself all the avails of said goods and chattels over and above the cost price of the same with the expense of transportation added, as a commission for services in selling, that state of facts did not constitute the plaintiff a trustee for the benefit of Ammon, so as to make the sale fraudulent and void as to Ammon's creditors."

The instructions which were asked on the part of the defendants, and refused, are stated sufficiently in the opinion of this court.

Verdict and judgment for the plaintiff.

*L. Wyman,* for appellants:

1. If the vendor of goods reserves to himself, either in or out of the deed of sale, anything for his own interest or advantage, either absolutely or conditionally, the sale is void as to creditors. *Goodrich vs. Downs,* 6 Hill, 439; *Sturtevant vs. Ballard,* 9 Johns., 337. 2. The admissions of the vendor in possession, made about the time the defendants levied upon the goods, should have been admitted in evidence. 3 C. & H.'s Notes, pp. 222–3, note 116, and p. 283, note 194; *Pusey's Case,* and authorities there cited. 2. In support of the instructions asked by the defendants and refused by the court, counsel cited R. S., chap. 107, sec. 5; *Hanford vs. Artcher,* 1 Hill, 347; *Same Case,* 4 id., 297; *Camp vs. Camp,* 2 Hill, 628; *Butler vs. Stoddard,* 7 Paige, 165.

*O. B. Thomas,* for respondent, cited 23. Wend., 653, 664; 4 Hill, 271; R. S., chap. 108, secs. 4 and 5.

December 11.    *By the Court,* PAINE, J. This was an action brought for

June Term,
1861.

GRANT
v.
LEWIS et al.

the alleged wrongful taking and detention of a stock of goods. The plaintiff claimed them under a sale from Ammon, and the defendants had seized them upon an attachment against the goods of Ammon, issued in favor of some of his creditors subsequently to the sale. The material question upon the trial was, whether the sale to the plaintiff was fraudulent and void as against Ammon's creditors?

It appeared that Ammon was left in possession of the goods, and the defendants, to show fraud in the sale, offered in evidence his declarations just preceding the levy, in respect to the character of the transfer from him to the plaintiff. This was rejected by the court, which we think was error.

The general rule is, it is true, that the declarations of a vendor, made after he has parted with his title, are not admissible in evidence to affect the title of the vendee. But an exception to this rule is so far established, that where the vendor remains in the actual possession of the goods, his statements explanatory of such possession and of the relation which he then holds to the property, are admissible as original evidence, and for the purpose of showing fraud in the sale, if they have that tendency. Phillips' Ev., Cow., Hill & Ed. Notes, vol. 1, p. 197 (4th Am. Ed.); *Carnahan vs. Wood*, 2 Swan, 502. The case of *Donaldson vs. Johnson et al.*, 2 Chand., 160, decided that in the case of a chattel mortgage, the declarations of the mortgagor, made after the filing of the mortgage, although he was in possession of the property, were not admissible. But the decision was expressly placed upon the ground that the filing was made equivalent to a change of the possession, and the opinion clearly implies that in the case of an absolute sale, where the vendor is left in possession, his declarations concerning that possession and the nature of his right, would be evidence.

The court below also erred in refusing several of the instructions asked for by the defendants' counsel. They asked, among others, the following: "In this case the plaintiff must show by satisfactory proof on his part, that the sale by Ammon to him was made in good faith and without any

intent to defraud creditors." There can be no doubt, upon the evidence, that this instruction should have been given. All the witnesses who testified on the subject, stated that Ammon was left in the actual possession of the property sold. It is true the plaintiff offered evidence tending to show that he continued in such possession as the plaintiff's agent. But even if that were really so, and the sale made in good faith, yet that is not such an "actual" change of possession as the statute contemplates, in order to rebut the presumption of fraud. It means such a change that the vendor ceases to possess the goods in any capacity whatever. There may undoubtedly be an honest sale, and the vendor left in possession in good faith as the vendee's agent. But it looks so much the other way on the face of it, without explanation, that the statute makes the mere fact of the continued possession of the vendor presumptive evidence of fraud, and conclusive unless the purchaser shows by satisfactory evidence that there was really no intent to defraud, that burden being thrown upon him. R. S., chap. 107, sec. 5; *Camp vs. Camp*, 2 Hill, 628; *Hanford vs. Artcher*, 4 id., 297. The instruction asked was therefore nothing more than the statute plainly provides for.

A number of other instructions were asked for, and seem to have been uniformly refused. They relate principally to the evidence tending, as was claimed, to show a secret trust reserved for the benefit of Ammon. Among others the following was asked: "If the jury believe from the testimony that it was a secret part of the arrangement at the time of the sale from Ammon to the plaintiff, that Ammon was to have the privilege of paying *Grant* the amount of his claim and have the goods back again, such agreement or arrangement would create a trust for the benefit of Ammon, and [render] the sale from Ammon to the plaintiff void as to creditors."

The correctness of this instruction would seem to depend upon the question whether the goods were of a greater value than the amount of *Grant's* claim. If they were, then such a provision in the contract would undoubtedly reserve to the vendor a beneficial interest. Assuming that the goods

were of the value at which they were invoiced, which was something over $3,500, *Grant's* claim being only about $2,600—the right reserved in the sale by the vendor to have the goods again on paying the claim, would clearly be a beneficial right, to the amount of the excess of value over and above the debt. Such a transfer would be very similar in its nature to a mortgage where the mortgaged property exceeded the value of the debt secured. But there was some evidence tending to show that the real value of the goods was no greater than the plaintiff's claim, and if the jury had so found, then it is very doubtful whether the reserved right of buying them back at their full value would constitute such a benefit to the vendor as to avoid the sale. The court was therefore right in refusing this instruction in the absolute form in which it was drawn.

But the defendants also asked the following; "If the jury believe from the testimony that Ammon was to sell the goods and account to the plaintiff at the price which they cost, or the invoice price, and to retain all he could sell them for over and above that price, that would constitute a secret trust in law, and [render] the sale from Ammon to the plaintiff void as to creditors, and the verdict must therefore be for the defendant." It seems very clear that upon the facts assumed in this instruction, Ammon would have reserved to himself the entire profits to be derived from conducting the business. It may be that an employer may pay an agent by giving him what he can sell for beyond a given price. But where a vendor is retained nominally as the agent of the vendee, but with a right to sell and have all he can make beyond the actual cost, that is such an interest reserved as is utterly inconsistent with good faith in the sale.

We do not consider it necessary to notice in detail all the instructions that were asked and refused, as what we have already said will sufficiently indicate the views of this court in regard to the law applicable to the case.

The judgment is reversed, with costs, and a new trial ordered.