MATTESON, Appellant, vs. HARTMANN and husband, imp., Respondents.

*November 11— November 26, 1895.*

*Lost deed: Quieting title: Evidence: Declarations of grantor.*

1. Declarations in his own favor, made by the grantor of land after delivery of the deed, are inadmissible to show that it was not delivered with intent to pass the title.

2. In an action to quiet title, brought by one claiming under a lost and unrecorded deed against the heirs of the grantor, the evidence — showing, among other things, who drew the deed, who were the witnesses, who took the acknowledgment, the consideration, consisting mainly of the cancellation of a judgment plaintiff had against the grantor, that the deed was delivered unconditionally to plaintiff's husband for her, and that such judgment was actually canceled at about that time — is *held* clearly to preponderate against a finding of the trial court that plaintiff never owned the land.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Plaintiff, claiming title to certain lands under a lost and unrecorded deed from John C. Pierron, Sr., deceased, brought

Matteson vs. Hartmann and husband.

this action against the heirs of the grantor, *Florence A. R. Hartmann* and John C. Pierron, Jr.; joining also as defendants *Herman Hartmann*, husband of *Florence*, and Mary Pierron, wife of John C., to quiet title. The heirs asserted title, denying that the property had ever been conveyed to the plaintiff. Defendants John C., Jr., and Mary Pierron did not answer, and conveyed their interest to plaintiff before the trial. The court found in favor of the other defendants; that plaintiff never owned the property; that John C. Pierron, Sr., died intestate, seised of the same; and that *Florence A. R. Hartmann*, as one of the heirs, was the owner of an undivided one-half thereof. Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *George Perkins*, attorney, and *Duffy & McCrory*, of counsel, and oral argument by *J. H. McCrory*.

For the respondents the cause was submitted on the brief of *Colman & Sutherland*.

MARSHALL, J. On the trial of the action, after plaintiff had, *prima facie*, established her title to the property under a deed made and delivered by John C. Pierron, Sr., during his lifetime, which was never recorded and had been lost, defendants were allowed, against objection, to introduce in evidence a letter written by John C. Pierron, Sr., to his daughter, some time after the date of the lost deed; also a mortgage executed by him after such date, bearing on the probability of whether the deed was delivered with intent to pass the title to plaintiff. This evidence was in the nature of declarations by the grantor in his own favor, after the conveyance to the plaintiff, and should have been rejected. There is no rule of evidence better settled than that declarations of the former owner of property, after he has parted with his interest, cannot be used in evidence to affect the title of his grantee. Wharton, Ev. § 1100; *Van Fleet v.*

*Van Fleet,* 50 Mich. 1; *Bogert v. Phelps,* 14 Wis. 95; *Gillet v. Phelps,* 12 Wis. 393; *Knapp v. Schneider,* 24 Wis. 70; *Grant v. Lewis,* 14 Wis. 487. But, giving full effect to such evidence, still the evidence in the case clearly preponderates against the findings of the trial judge that plaintiff never owned the property. It conclusively shows that the deceased, Pierron, in March, 1888, for a good and sufficient consideration, consisting mainly of the cancellation of a judgment plaintiff had against him, made a deed of the property in dispute, and delivered it to plaintiff's husband for her. It is made perfectly clear as to who drew the deed, who were the witnesses, who took the acknowledgment, that it was delivered, the purpose of such delivery, and that it was not a conditional delivery. The fact that the judgment, which was mainly the consideration for the transfer, was actually canceled at about the time the deed was made, in connection with the other evidence, leaves no reasonable doubt but that the intent of the grantor was to vest the title of the property in the plaintiff at the time the deed was delivered into the possession of her husband.

The trial court should have found that the deceased Pierron, in his lifetime, made and delivered to Clark S. Matteson, for plaintiff, a deed of the premises described in the complaint, for a good and sufficient consideration, conveying such premises to, and vesting the title thereto in, her; that she is the owner absolute of the same; that defendants have no right, title, or interest therein whatsoever; that plaintiff is entitled to a judgment accordingly, and in all respects quieting her title to said premises as against the defendants; and that she is entitled to recover of the defendant *Florence A. R. Hartmann* her costs and disbursements, as taxed and allowed, according to law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in plaintiff's favor in accordance with this opinion.